LONNIE SAVAGE, PETITIONER, v. THE THIRD JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF LYON; THE HONORABLE ROBERT E. ESTES, DISTRICT JUDGE; AND THE HONORABLE LEON ABERASTURI, DISTRICT JUDGE, RESPONDENTS, AND THE STATE OF NEVADA, REAL PARTY IN INTEREST.

No. 50445

MARCO ANTONIO HERNANDEZ, PETITIONER, v. THE FOURTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF ELKO, AND THE HONORABLE ANDREW J. PUCCINELLI, DISTRICT JUDGE, RESPONDENTS, AND THE STATE OF NEVADA, REAL PARTY IN INTEREST.

No. 51333

January 29, 2009                                    200 P.3d 77

*Pederson and Kalter, P.C.*, and *Wayne A. Pederson*, Yerington, for Petitioner Lonnie Savage.

*Frederick B. Lee, Jr.*, Public Defender, and *Alina M. Kilpatrick*, Deputy Public Defender, Elko County, for Petitioner Marco Antonio Hernandez.

*Catherine Cortez Masto*, Attorney General, *Robert E. Wieland*, Senior Deputy Attorney General, and *Heather D. Procter*, Deputy Attorney General, Carson City, for Real Party in Interest in Docket No. 50445.

*Gary D. Woodbury*, District Attorney, *Mark D. Torvinen*, Chief Deputy District Attorney, and *Robert J. Lowe*, Deputy District Attorney, Elko County, for Real Party in Interest in Docket No. 51333.

## OPINION

By the Court, CHERRY, J.:

In these original proceedings, we primarily consider whether district courts in Elko County and Lyon County manifestly abused their discretion when they refused to consider petitioners' applications for treatment pursuant to NRS 484.37941.[2] In doing so, we also consider the following: (1) whether the statute requires counties to create a treatment program, (2) whether the district court has jurisdiction to order the Division of Parole and Probation (DOPP) to supervise offenders who enter a program of treatment pursuant to NRS 484.37941, and (3) whether NRS 484.37941 violates the separation-of-powers doctrine by requiring the district court to perform duties reserved to the executive branch.

We conclude that the plain language of NRS 484.37941 requires the district court to consider the merits of an offender's application for treatment. In reaching this conclusion, we agree with the State's argument that NRS 484.37941 does not require counties to create a ''program of treatment.'' Rather, a review of NRS 484.37941 reveals that the statute only requires district courts to oversee the procedures and conditions of probation imposed upon the offender at the time the district court accepts the offender's application for treatment; it does not require counties to create treatment facilities or a ''program of treatment.'' We further conclude that the district court has jurisdiction to order the DOPP

---

[2]Under NRS 484.37941, a third-time DUI offender may seek to undergo a program of treatment for a minimum of three years. Pursuant to the statute, the State may oppose the offender's application and request a hearing on the matter. If the district court grants the application for treatment, it must suspend the proceedings and place the offender on probation for a period not to exceed five years. Probation is conditioned upon the offender's acceptance for treatment by a treatment facility and the completion of that treatment and any other conditions as ordered by the district court. If the offender is not accepted for treatment or if he or she fails to complete any of the district court's conditions, the court will enter a judgment of conviction for a violation of NRS 484.3792(1)(c), a category B felony, and the district court may reduce the amount of time in prison by a time equal to that which the offender spent in treatment. On the other hand, if the offender successfully completes treatment, the district court will enter a judgment of conviction for a violation of NRS 484.3792(1)(b), which is a misdemeanor.

to supervise any offenders whose applications for treatment are granted pursuant to NRS 484.37941. And, finally, we conclude that NRS 484.37941 does not violate the separation-of-powers doctrine. The district courts manifestly abused their discretion by refusing to consider petitioners' applications for treatment. We therefore grant these petitions and direct the district courts to consider petitioners' applications for treatment.[3]

## RELEVANT FACTS

### Savage v. District Court, Docket No. 50445

The State charged petitioner Lonnie Savage with a third-offense DUI. Savage initially pleaded not guilty but later attempted to change his plea from not guilty to guilty pursuant to a plea agreement with the State. In the plea agreement, the State indicated that it would not oppose Savage seeking treatment pursuant to NRS 484.37941. The district court refused to accept the guilty plea, noting that the treatment program set forth in NRS 484.37941 was not available in Lyon County because the DOPP would not oversee the program and the district court would not be able to run a program on its own. The district court informed Savage's counsel that he should discuss the matter with his client and further concluded that the matter could not go forward and continued it until October 15, 2007. On that date, Savage appeared before the district court for a status hearing and announced that he would be filing a writ petition in this court challenging the district court's refusal to consider NRS 484.37941. Savage thereafter filed this original petition for a writ of mandamus.

### Hernandez v. District Court, Docket No. 51333

The State charged petitioner Marco Antonio Hernandez with a third-offense DUI. Subsequently, Hernandez and the State entered into a plea agreement in which Hernandez waived his right to a preliminary hearing and agreed to plead guilty to a third-offense DUI. The State reserved the right to litigate any application for treatment filed pursuant to NRS 484.37941.

At Hernandez's arraignment, the district court advised Hernandez's counsel to file a motion for treatment, if he intended to file one, so that the State could have the opportunity to respond. The district court also solicited a response from a DOPP representative, Peggy Hatch, who was present in the district court, regarding the

---

[3]Because both of the petitioners here attempted to enter guilty pleas after July 1, 2007, we conclude that both are entitled to apply for treatment pursuant to the statute. We therefore reject the State's contention that petitioner Lonnie Savage's petition is moot because he is subject to the punishment applicable at the time he committed his crime. *Stromberg v. Dist. Ct.*, 125 Nev. 1, 200 P.3d 509 (2009); *Picetti v. State*, 124 Nev. 782, 793-94, 192 P.3d 704, 712 (2008).

DOPP's willingness to supervise a defendant under NRS 484.37941. Hatch indicated that she had been advised that the DOPP would not be supervising defendants diverted for treatment pursuant to NRS 484.37941. The district court noted that it was unable to supervise offenders diverted for treatment pursuant to NRS 484.37941. The district court further indicated that it believed that NRS 484.37941 was an unfunded mandate and that it would deny the application on the basis that the DOPP would not provide supervision. Nevertheless, the district court continued Hernandez's arraignment.

On the day of his arraignment, Hernandez filed a motion for treatment pursuant to NRS 484.37941, even though he had yet to enter his guilty plea. The State opposed the motion. Shortly thereafter, the district court heard arguments on the motion for treatment, which it subsequently denied, stating that "[o]ne, the Court, the way this statute is written, does not have jurisdiction to order Parole and Probation to supervise. There is community supervision under the normal rules of probation. It doesn't exist." The district court indicated that it did not have the infrastructure, or budget to properly establish the infrastructure, needed to properly supervise offenders diverted to treatment under NRS 484.37941. The district court further indicated that the Legislature did not require counties to create the treatment program established in the statute. Hernandez then filed this original petition for a writ of mandamus.

## DISCUSSION

As an initial matter, the State has challenged the propriety of writ relief in the first instance. After addressing that threshold issue, we will turn to the merits of the claims raised in these writ proceedings.

### The propriety of writ relief

"This court may issue a writ of mandamus to compel the performance of an act which the law requires as a duty resulting from an office or where discretion has been manifestly abused or exercised arbitrarily or capriciously." *Redeker v. Dist. Ct.*, 122 Nev. 164, 167, 127 P.3d 520, 522 (2006); *see also* NRS 34.160. The writ will issue where the petitioner has no "plain, speedy and adequate remedy in the ordinary course of law." NRS 34.170; *Redeker*, 122 Nev. at 167, 127 P.3d at 522. But the decision to entertain a mandamus petition lies within the discretion of this court, and in deciding whether to entertain a petition, "[t]his court considers whether judicial economy and sound judicial administration militate for or against issuing the writ." *Redeker*, 122 Nev. at 167,

127 P.3d at 522. "Additionally, this court may exercise its discretion to grant mandamus relief where an important issue of law requires clarification." *Id.*

In regard to Hernandez, the State argues that he is not entitled to extraordinary relief because he has an adequate remedy at law by way of a direct appeal and by filing a motion for bail pursuant to NRS 177.105, which, if granted, would require a stay of his sentence of imprisonment. We disagree. Hernandez has not yet entered a guilty plea, nor did the district court set the matter for trial. To the contrary, Hernandez attempted to plead guilty to a third-offense DUI and filed a motion for treatment pursuant to NRS 484.37941. However, after hearing arguments on the motion for treatment, the district court indicated that it would deny the motion and invited Hernandez to file an emergency writ petition in this court. Because Hernandez's guilty plea is intrinsically connected to whether he is allowed to apply for treatment pursuant to NRS 484.37941, we conclude that in this narrow circumstance he should not be required to proceed to trial before he is allowed to challenge the actions of the district court. Moreover, we reject the State's contention that a motion for bail would adequately protect Hernandez's interests because there is simply no guarantee that if Hernandez was convicted and filed such a motion, it would be granted. If the application were denied, it is likely that Hernandez would expire his sentence before the resolution of his direct appeal. Under these limited circumstances, we conclude that writ review is appropriate.

In regard to Savage, the State contends that writ relief is inappropriate because he failed to enter a guilty plea after the district court informed him that it would not consider the provisions of NRS 484.37941, and therefore, he is ineligible for treatment. We find this argument to be wholly unpersuasive. Because the district court's actions prevented Savage from entering his guilty plea, it would be unfair to preclude him from writ relief on the basis that he failed to enter his plea. As explained above, the district court unequivocally indicated that it would not consider Savage's application for treatment because the program did not exist in Lyon County and because the State's agreement to allow Savage to enter a treatment program was the basis for his guilty plea, the district court would not allow the matter to go forward on that date. Under these circumstances, we conclude that Savage's failure to enter a guilty plea does not preclude him from seeking extraordinary relief.

Finally, we reject the State's contention that petitioners failed to raise substantial issues of public policy that require this court's intervention. To the contrary, we conclude that writ review is appropriate here because both petitioners and the State have raised important questions of law that require clarification and because public policy interests militate in favor of resolving these questions. *Cf. State of Nevada v. Justice Court*, 112 Nev. 803, 805 n.3, 919 P.2d 401, 402 n.3 (1996) (electing to entertain petition for writ of prohibition even though relief should have been sought first in district court "due to the exigent circumstances presented and because this case presented an unsettled issue of statewide importance"). Therefore, we exercise our discretion to consider the merits of these petitions.

*The district court erred when it failed to consider the merits of the petitioners' applications for treatment pursuant to NRS 484.37941*

Petitioners argue that the district courts abused their judicial discretion by refusing to consider the merits of their applications for treatment pursuant to NRS 484.37941. We agree for three reasons. First, the plain language of the statute affords third-time DUI offenders the opportunity to apply for the diversion program. Second, while the statute does not require counties to create a "program of treatment," or a treatment facility, it does require the district court to oversee the procedures and conditions of probation imposed upon the third-time DUI offender at the time the court accepts an application to enter a treatment program. Third, the district court has jurisdiction to order the DOPP to supervise third-time DUI offenders who enter treatment programs pursuant to the statute. We will address each of these conclusions in turn below.

*The plain language of NRS 484.37941 requires the district court to consider the merits of a third-time DUI offender's application for treatment*

This court has explained that "[i]n construing a statute, our primary goal is to ascertain the legislature's intent in enacting it, and we presume that the statute's language reflects the legislature's intent." *Moore v. State*, 117 Nev. 659, 661, 27 P.3d 447, 449 (2001). Therefore, this court first examines the plain language of a statute to decipher its meaning. *See id.*

The plain language of NRS 484.37941 reflects the Legislature's intent that all third-time DUI offenders may apply for treatment

pursuant to the statute. Specifically, NRS 484.37941(1) provides that an offender who enters a plea of guilty or nolo contendere *"may, at the time he enters his plea, apply* to the court to undergo a program of treatment for alcoholism," as long as he is properly diagnosed an addict or alcoholic by a professional qualified under the statute and agrees to pay the cost of treatment to the best of his ability. (Emphasis added.) Once an offender applies for the treatment program, the prosecuting attorney may oppose the application for treatment. NRS 484.37941(2). If the prosecuting attorney opposes the application, the district court *"shall* order a hearing on the application." *Id.* (emphasis added). NRS 484.37941(3) states that "[i]f a hearing is not held, the court *shall* decide the matter and other information before the court." (Emphasis added.) This statutory language dictates that the district court is required to consider the merits of a DUI offender's application for treatment as well as any opposition proffered by the prosecuting attorney.[4]

> *Counties do not have to create a program of treatment before allowing third-time DUI offenders to apply for treatment pursuant to NRS 484.37941*

In reaching our conclusion that the district courts manifestly abused their discretion by refusing to consider petitioners' applications for treatment, we reject the State's suggestion that to allow diversion under NRS 484.37941, counties must establish a treatment program or facility. There is nothing in the statute to suggest that the district court or county is responsible for creating a treatment facility or program. Instead, NRS 484.37941 allows an offender to apply to participate in a treatment program and requires that offender to be accepted for treatment by a treatment facility that is certified by the Health Division of the Department of Health and Human Services. If the offender fails to be accepted for treatment, the district court may enter a judgment of conviction for a

---

[4]We reject the State's contention that the legislative history supports the conclusion that the district court has the discretion to refuse to consider an offender's application for treatment. Instead, we conclude that the legislative history supports the conclusion that the Legislature intended the diversion program created in NRS 484.37941 to be available throughout the state. In fact, the Legislature seemed particularly concerned that the lack of treatment facilities available in rural counties would impact the ability of rural offenders to elect treatment under the statute and they would be forced to serve prison sentences instead. Hearing on S.B. 277 Before the Senate Comm. on the Judiciary, 74th Leg. (Nev., April 3, 2007); Hearing on S.B. 277 Before the Senate Comm. on the Judiciary, 74th Leg. (Nev., April 10, 2007). But the scarcity of treatment facilities in some counties does not lead to the conclusion that a qualified offender may not *apply* for treatment when a placement is available.

third-offense DUI. NRS 484.37941(4)(b)(2) (providing that ''[i]f [the defendant] is not accepted for treatment by such a treatment facility, or if he fails to complete the treatment satisfactorily, the court will enter a judgment of conviction for a violation of paragraph (c) of subsection 1 of NRS 484.3792'').

Moreover, to the extent that NRS 484.37941(5) mandates that the district court ''shall administer the program of treatment,'' we conclude that this language refers to the district court overseeing the procedures and conditions of probation imposed upon the offender at the time the district court accepts the offender's application for treatment. A review of NRS 484.37941(5) reveals that the administration of the treatment program does not require the district court to establish or administer a separate program of treatment outside of the district court's normal docket.

Instead, NRS 484.37941(5) instructs the district court to administer the program of treatment pursuant to NRS 458.320 and 458.330. Importantly, neither of these two statutes requires counties to establish treatment programs. The first statute, NRS 458.320, requires the district court to: (1) order an approved facility to conduct an examination of the offender to determine his or her potential for rehabilitation and to provide a report on the results of the examination and recommend whether the offender should receive supervised treatment, (2) sentence the offender if the court determines that the offender is not a good candidate for treatment, (3) impose conditions of probation if the court determines that the offender is a good candidate for treatment, and (4) require whatever progress reports on the offender's treatment it deems necessary. NRS 458.320 also requires an offender to pay for his or her own treatment and requires the district court, to the extent that it is practicable, to arrange for an offender to be treated in a facility that receives state or federal funding. The statute further permits the district court to order the offender to perform community service in lieu of payment for the treatment program.

The second statute, NRS 458.330, provides for the deferment of an offender's sentence pending treatment and sets forth the proper procedures for the district court to follow in the event an offender's treatment facility determines that he or she is not likely to benefit from further treatment. These procedures may include transferring the offender to another facility or terminating treatment and holding a hearing to determine whether the offender should be sentenced. Because neither of these provisions requires rural counties to create their own treatment facilities or programs, we conclude that the State's contention that the establishment of a

treatment program is discretionary is based on a misinterpretation of the requirements of NRS 484.37941.[5]

*The district court has jurisdiction to order the DOPP to supervise third-time DUI offenders*

Petitioners contend that the district courts erred when they determined that NRS 484.37941 failed to provide the court with the means to supervise third-time DUI offenders who enter treatment programs pursuant to that statute. Specifically, petitioners contend that the district court has the authority to order the DOPP to supervise an offender undergoing treatment pursuant to NRS 484.37941. We agree.

NRS 484.37941(4)(a) not only provides the district court with the authority to place an offender on probation while he is in treatment, the statute requires it. In particular, NRS 484.37941(4)(a) plainly states that if the district court decides to grant an offender's application for treatment, it must, "without entering a judgment of conviction and with the consent of the offender, suspend further proceedings and place him on probation for not more than 5 years." In this respect, NRS 484.37941 is similar to other statutory provisions that allow the district court to divert an offender into treatment. *See* NRS 484.37937; NRS 484.3794; NRS 453.3363. Therefore, we conclude that NRS 484.37941 provides the district court with the authority to order the DOPP to supervise offenders who enter treatment pursuant to the statute.

A review of other statutory provisions further supports our conclusion. As a starting point, NRS 176A.100 broadly authorizes the district court to place an offender on probation, and NRS 176A.400(2) gives the district court the authority to impose conditions of probation, including the power to "require the person as a condition of probation to participate in and complete to the satisfaction of the court any alternative program, treatment or activity deemed appropriate by the court." Upon the entry of an order placing a defendant on probation, NRS 176A.210(1) provides that the defendant "[s]hall be deemed accepted for probation for all purposes." And the Legislature further has directed that

---

[5]Because we conclude that NRS 484.37941 requires neither the district court nor the counties to establish or administer a separate program of treatment outside of the district court's normal docket, we reject the district court's conclusion that NRS 484.37941 is an unfunded mandate. There is no language in this particular statute to suggest that the district court or the county is responsible for creating a program of treatment that would cost the county $5,000 or more. NRS 354.599; NRS 218.2479.

"[i]n placing any defendant on probation or in granting a defendant a suspended sentence, the court shall direct that he be placed under the supervision of the Chief Parole and Probation Officer." NRS 176A.400(4). With these provisions, the Legislature has provided the district court ample authority to place an offender on probation.

The plain language of NRS 484.37941 authorizes the district court to place a third-time DUI offender on probation while the offender is in a treatment program. And the general statutes regarding probation require that an offender granted probation be placed under the supervision of the DOPP. Therefore, we conclude that the district court erred when it determined that it lacked jurisdiction to require the DOPP to supervise offenders who enter treatment programs pursuant to NRS 484.37941.

*NRS 484.37941 does not violate the separation-of-powers doctrine*

We also reject the district courts' conclusions that NRS 484.37941 violates the separation-of-powers doctrine because it requires the district court to fulfill duties reserved to the DOPP, which is part of the executive branch. NRS 484.37941 does not require the district court to fulfill the role of the DOPP. As discussed above, NRS 484.37941(5) only requires the district court to "administer the program of treatment pursuant to . . . NRS 458.320 and 458.330" by overseeing the procedures and conditions of probation imposed upon the offender at the time the district court accepts the offender's application for treatment. Pursuant to NRS 484.37941(4)(a), the actual supervision of the offender still rests with the DOPP. Thus, there is no merging of the judicial and executive power which would offend the separation-of-powers doctrine; to the contrary, there is an overlapping of powers that is permitted by the Nevada Constitution. *See Creps v. State*, 94 Nev. 351, 357-58, 581 P.2d 842, 846-47 (1978) (observing that in context of probation, executive and judicial powers often overlap because Legislature has dually allocated such powers to a large extent).

## *CONCLUSION*

We conclude that the plain language of NRS 484.37941, together with the legislative history, gives all third-time DUI offenders who enter a guilty plea the option to apply for treatment.[6] We further

[6]Because we conclude that the district court must consider the merits of a third-offense DUI offender's application for treatment pursuant to NRS 484.37941, we find it unnecessary to reach the merits of Hernandez's claim that NRS 484.37941 violates the Equal Protection Clause of the Fourteenth

conclude that when the district court grants an offender's application for treatment, it has jurisdiction to order the DOPP to supervise those offenders pursuant to NRS 484.37941. Finally, we reject the district courts' conclusion that NRS 484.37941 violates the separation-of-powers doctrine by requiring the district court to perform duties reserved to the executive branch. In these cases, the district courts erroneously refused to consider the merits of the petitioners' requests to plead guilty and apply for treatment. Accordingly, we grant the petitions. The clerk of this court shall issue writs of mandamus instructing the district courts to consider the petitioners' requests to plead guilty and apply for treatment pursuant to NRS 484.37941.[7]

HARDESTY, C.J., PARRAGUIRRE, DOUGLAS, SAITTA, and GIBBONS, JJ., concur.

---

Amendment because it allows offenders who reside in Washoe and Clark County to participate in a treatment program while excluding offenders who reside in rural counties from participating in that same treatment program.

[7]We vacate the stay imposed by this court's November 9, 2007, order in Docket No. 50445.