An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

ROCHANNA GHAFOURIA,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
CLARK; AND THE HONORABLE
LINDA MARIE BELL, DISTRICT
JUDGE,
Respondents,
    and
THE STATE OF NEVADA,
Real Party in Interest.

No. 63074

FILED

JUN 13 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
    DEPUTY CLERK

## *ORDER DENYING PETITION*

This original petition for a writ of mandamus challenges the district court's denial of petitioner's application for alcohol treatment under NRS 484C.340. A writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station, NRS 34.160, or control discretion when it is manifestly abused or exercised arbitrarily or capriciously, *Round Hill Gen. Improvement Dist. v. Newman*, 97 Nev. 601, 603-04, 637 P.2d 534, 536 (1981). The writ will not issue if petitioner has a plain, speedy, and adequate remedy in the ordinary course of law. NRS 34.170. Here, petitioner does not have an adequate remedy in the ordinary course of the law because she cannot appeal the district court's ruling and is ineligible for the alcohol treatment program if she withdraws her guilty plea and proceeds to trial. *See* NRS 484C.340(1); *State v. Lewis*, 124 Nev. 132, 134, 178 P.3d 146, 147 (2008) ("When no statute or court rule provides for an appeal, no right to appeal exists."); *see generally Savage v. Third Judicial*

SUPREME COURT
OF
NEVADA

(O) 1947A

13-17461

*Dist. Court*, 125 Nev. 9, 15, 200 P.3d 77, 81 (2009) (a writ of mandamus is the appropriate remedy to challenge a district court's refusal to consider an application for treatment filed pursuant to NRS 484C.340).

Petitioner contends that the district court erred by denying her application for alcohol treatment under NRS 484C.340 based on a general policy against granting the applications of defendants who are arrested for another DUI after entry of their guilty plea instead of an individual assessment of whether a defendant is qualified for the treatment program. It is well-settled that the district court abuses its discretion by refusing to consider an application for treatment filed pursuant to NRS 484C.340, *Stromberg v. Second Judicial Dist. Court*, 125 Nev. 1, 3, 200 P.3d 509, 510 (2009), is required to consider the merits of an "application for treatment as well as any opposition proffered by the prosecuting attorney," *Savage*, 125 Nev. at 17, 200 P.3d at 82, and must consider each case on its own merits, *see Willmes v. Reno Mun. Court*, 118 Nev. 831, 835, 59 P.3d 1197, 1200 (2002). Accordingly, it is an abuse of discretion for a district court to deny an application for treatment based on a judicial policy without first considering the merits of the case.

The record reveals that petitioner was arrested for another DUI after entering her guilty plea and applying for treatment under NRS 484C.340. On status check, the district court informed petitioner that it discussed the new DUI case with defense counsel,[1] had a policy against accepting people into the alcohol treatment program if they were arrested for another DUI while their application was pending, and would not accept her into the program. On reconsideration, the district court stated that it

---

[1]The record does not contain a transcript of this discussion.

"always looked at every situation before [making] a decision," would "consider not following a policy if there was a particular reason not to," and the reasons advanced by defense counsel during status check did not justify treating the petitioner "differently than [it had] treated other people in the past who have been in this exact same position." Defense counsel argued that the district court's policy violated legislative mandate and the *Willmes* case, but did not argue that the district court overlooked or failed to consider merits unique to petitioner's case. Based on this record, we are not convinced that the district court's ruling constituted a manifest abuse of discretion or an arbitrary or capricious act. *See State v. Eighth Judicial Dist. Court (Armstrong)*, 127 Nev. ___, ___, 267 P.3d 777, 780 (2011) (defining manifest abuse and arbitrary or capricious exercise of discretion for purposes of mandamus relief). Accordingly, we

ORDER the petition DENIED.[2]

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:  Hon. Linda Marie Bell, District Judge
     Law Offices of John G. Watkins
     Clark County District Attorney
     Attorney General/Carson City
     Eighth District Court Clerk

---

[2]Cause appearing, we grant petitioner's motion to file a reply and have considered the reply attached to that motion. We deny petitioner's motion to strike the State's notice of supplemental authorities, supplemental appendix, or motion for judicial notice.