An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| LUCIO MACIAS,<br>Appellant,<br>vs.<br>THE STATE OF NEVADA,<br>Respondent. | No. 60162 |
| LUCIO MACIAS,<br>Appellant,<br>vs.<br>THE STATE OF NEVADA,<br>Respondent. | No. 60163 |
| LUCIO ANDRADE A/K/A LUCIO<br>MACIAS,<br>Appellants,<br>vs.<br>THE STATE OF NEVADA,<br>Respondent. | No. 60164 |

**FILED**

DEC 1 6 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER OF REVERSAL AND REMAND*

This is a consolidated appeal from three judgments of conviction entered pursuant to guilty pleas. Eighth Judicial District Court, Clark County; Abbi Silver, Michael Villani, and Kenneth Cory, Judges.

NRS 484C.340(1) permits a third-time offender who pleads guilty or no contest to driving under the influence of an intoxicating liquor or a controlled substance to apply to the court to undergo a program of treatment for alcoholism or drug abuse. If the court grants the application, it must suspend further proceedings and, with the offender's informed consent, place him or her on probation on the condition that he or she be accepted for treatment by a treatment facility, that he or she complete treatment satisfactorily, and that he or she comply with any

14-40963

other condition ordered by the court. NRS 484C.340(4). Upon the offender's successful completion of a program, the court enters a judgment of conviction for a lesser offense. But, if the offender is not accepted for treatment, fails to complete treatment, or violates any court-ordered condition, the court will enter judgment on the original charges. Because the district courts in this case did not place appellant on probation, as required by NRS 484C.340(4), we reverse and remand.

I.

The State charged Macias with driving a vehicle under the influence of alcohol (third offense) under NRS 484.379[1] in three separate cases.[2] Each case involved a distinct DUI incident, and each case was assigned to a different judicial department. With the assistance of counsel, Macias entered a guilty plea in each case. In his plea agreements Macias acknowledged that he could be convicted of a lesser offense— misdemeanor driving under the influence if the felony DUI court accepted him and if he successfully completed a program of treatment. Additionally, he agreed that the district courts would "immediately enter a judgment of conviction" if the DUI court did not accept him, if he failed to complete the program of treatment, or if he violated any condition ordered by the court.

---

[1]In 2009, the Legislature renumbered NRS 484.379 as NRS 484C.110. It did not alter the statutory language.

[2]Although the violations were technically for Macias's third, fourth, and fifth offenses, the State filed three criminal complaints for a third offense because the fourth and fifth offense occurred within weeks of each other and months after the third offense, while that case was still pending.

The district courts granted Macias's requests to participate in a treatment program. As required by NRS 484C.340(4)(a), the district courts that took his pleas suspended all proceedings. Oddly, however, all three of the courts failed to place Macias on probation, as required by the same statute and this court's opinion in *Savage v. Third Judicial Dist. Court*, 125 Nev. 9, 19, 200 P.3d 77, 82 (2009) (stating that prior version of the statute, NRS 484.37941(4)(1), "not only provides the district court with the authority to place an offender on probation while he is in treatment, the statute requires it").

Macias complied with the treatment program for nearly two years before his counselor informed the DUI court that Macias had broken the DUI court's rules by driving a vehicle without a breath interlock device (BID) installed. The court warned Macias that he was strictly prohibited from driving without a BID and, days later, Macias had a BID installed on the vehicle. Shortly thereafter, the court learned that Macias's infractions were more serious in that he had registered the BID-less vehicle without notifying the court and had had continuous access to it for several months.

The DUI court questioned Macias about these more serious rule violations at a routine status check and terminated him from DUI court for violating the program rules. Through previously appointed counsel, Macias filed motions in the DUI court seeking reconsideration and an evidentiary hearing. He maintained that he had a due process right to a hearing with the assistance of counsel before being terminated from DUI court. The DUI court denied Macias's motion for an evidentiary hearing on the grounds that the status check satisfied Macias's due process rights even though counsel was not present. It granted the motion for reconsideration, however, and allowed Macias to argue, through

counsel, the merits of his termination from DUI court. After hearing these arguments, the court reaffirmed the termination and remanded the cases to their district courts of origin.

It is unclear what transpired after the remands because Macias does not provide a complete record. *Lopez v. State*, 105 Nev. 68, 85, 769 P.2d 1276, 1287 (1989) ("Failure to provide an adequate record on appeal handicaps appellate review."). But, from the limited record, it appears that Macias appeared with counsel for sentencing before each district court, and that each district court reviewed his case before sentencing him to a term of imprisonment to run concurrent with the sentences from the other departments. Macias appealed all three judgments to this court.

## II.

Macias argues that he was entitled to due process, including notice and a hearing with the assistance of counsel, in the DUI court before it terminated him from its treatment program and remanded him to the originating courts. Although Macias raises an important issue, we do not address his argument because we resolve his appeals on a threshold statutory issue. *See Spears v. Spears*, 95 Nev. 416, 418, 596 P.2d 210, 212 (1979) ("This court will not consider constitutional issues which are not necessary to the determination of an appeal"); *see also State of Nev. v. Plunkett*, 62 Nev. 258, 270-71, 149 P.2d 101, 104 (1944) ("[A] constitutional question will not be determined unless clearly involved, and a decision thereon is necessary to a determination of the case.").

This court reviews questions of statutory interpretation de novo. *State v. Lucero*, 127 Nev. ___, ___, 249 P.3d 1226, 1228 (2011).

Because "[t]he words of a governing text are of paramount concern," Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 56 (2012), "this court will not look beyond the express language unless it is clear that the plain meaning was not intended." *Hernandez v. Bennett-Haron*, 128 Nev. ___, ___, 287 P.3d 305, 315 (2012).

NRS 484C.340(4) provides that once a district court decides to grant an application for treatment,

> the court *shall*:
>
> (a) Immediately, without entering a judgment of conviction and with the consent of the offender, *suspend further proceedings and place the offender on probation* for not more than 5 years upon the condition that the offender be accepted for treatment by a treatment facility, that the offender complete the treatment satisfactorily and that the offender comply with any other condition ordered by the court.

(Emphases added.). In NRS 484C.340(4), the word "'shall' is mandatory and does not denote judicial discretion." *Johanson v. Eighth Judicial Dist. Court*, *124 Nev.* 245, 249-50, 182 P.3d 94, 97 (2008); *see also* NRS 0.025(1)(d) ("'Shall imposes a duty to act."). As an auxiliary verb, "shall" modifies the meaning of the main verbs, "suspend" and "place." William A. Sabin, *The Gregg Reference Manual*, 645 Appendix D (10th ed. 2005) (defining an auxiliary verb as "[a] verb that helps in the formation of another verb"). *See also* Scalia & Garner, *supra*, 140 ("Words are to be given the meaning that proper grammar and usage would assign them."). So, NRS 484C.340(4) plainly states that district courts *shall* place

offenders on probation before an offender begins a treatment program.[3] *See Stromberg v. Second Judicial Dist. Court*, 125 Nev. 1, 3 n.2, 200 P.3d 509, 510 n.2 (2009) ("If the district court grants the application for treatment, it must suspend the proceedings and place the offender on probation"); *Savage*, 125 Nev. at 19, 200 P.3d at 83-84.

Here, the district courts properly suspended the proceedings after accepting Macias's plea agreements but, for reasons unknown, they did not place Macias on probation. The district courts thus gave NRS 484C.340 an erroneous construction that did not give meaning to all of the parts of the statute. *Butler v. State*, 120 Nev. 879, 893, 102 P.3d 71, 81 (2004) ("[E]very word, phrase, and provision of a statute is presumed to have meaning."); *Employers Ins. Co. of Nev. v. Chandler*, 117 Nev. 421, 425-26, 23 P.3d 255, 258 (2001) ("[C]ourts must construe statutes to give meaning to all of their parts and language."). Because of the district courts' failure to follow the statute and place Macias on probation, Macias did not receive the notice, preliminary inquiry, and formal revocation hearing, and other protections to which probationers are entitled in district court. *Anaya v. State*, 96 Nev. 119, 122, 606 P.2d 156, 157-58 (1980) (discussing *Morrissey v. Brewer*, 408 U.S. 471 (1972)); NRS 176.216-218. The only remedy at this point is to reverse and remand to the district courts of origin to follow NRS 484C.340(4) and, if appropriate, place Macias on probation or conduct such other and further proceedings as may be appropriate.

For these reasons, we

---

[3]Macias concedes that the district courts *should have* placed him on probation pursuant to NRS 484C.340.

ORDER the judgments of the district courts REVERSED AND REMAND these matters to the district courts for proceedings consistent with this order.

_____, C.J.
Gibbons

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Saitta

SUPREME COURT
OF
NEVADA

(O) 1947A

cc:    Hon. Abbi Silver, District Judge
Hon. Michael Villani, District Judge
Hon. Kenneth Cory, District Judge
Clark County Public Defender
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A