MICHAEL LYNN STROMBERG, Petitioner, v. THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF WASHOE, AND THE HONORABLE PATRICK FLANAGAN, District Judge, Respondents, AND THE STATE OF NEVADA, Real Party in Interest.

No. 50079

January 29, 2009

200 P.3d 509

*Jeremy T. Bosler*, Public Defender, and *John Reese Petty*, Chief Deputy Public Defender, Washoe County, for Petitioner.

*Catherine Cortez Masto*, Attorney General, Carson City; *Richard A. Gammick*, District Attorney, and *Terrence P. McCarthy*, Deputy District Attorney, Washoe County, for Real Party in Interest.

## OPINION

By the Court, CHERRY, J.:

In this original petition for a writ of mandamus, we address two issues related to NRS 484.37941, which allows a district court to

accept a plea of guilty to a third-offense DUI and subsequently enter a judgment for a second-offense DUI if the offender successfully completes a treatment program.[2] First, we consider whether the plain language of NRS 484.37941 allows an offender entering a plea of guilty on or after that statute's effective date to apply for treatment. We conclude that it does, reaffirming our recent decision in *Picetti v. State*, 124 Nev. 782, 192 P.3d 704 (2008). Second, we reject the State's contention that NRS 484.37941 is unconstitutional because it violates the separation-of-powers doctrine by giving the district court powers that are reserved to the prosecutor. Because we conclude that the district court manifestly abused its discretion when it refused to consider petitioner Michael Lynn Stromberg's request to plead guilty and apply for treatment, we grant Stromberg's petition and direct the district court to consider Stromberg's request to plead guilty and apply for treatment pursuant to NRS 484.37941.[3]

## FACTS AND PROCEDURAL HISTORY

On May 29, 2007, Stromberg was charged with one count of driving under the influence (DUI), third offense within seven years, a class B felony. On June 1, 2007, Stromberg made his first appearance in the district court and requested that his arraignment be continued to June 8, 2007, so that he and the State could resolve an issue regarding his blood alcohol test. On June 8, 2007, Stromberg made an appearance in district court and entered a plea of not guilty and stated that it was his intention to plead guilty after July 1, 2007, so that he would be eligible to participate in a three-year treatment program pursuant to NRS 484.37941, which be-

[2]Under NRS 484.37941, a third-time DUI offender may seek to undergo a program of treatment for a minimum of three years. Pursuant to the statute, the State may oppose the offender's application and request a hearing on the matter. If the district court grants the application for treatment, it must suspend the proceedings and place the offender on probation for a period not to exceed five years. Probation is conditioned upon the offender's acceptance for treatment by a treatment facility and the completion of that treatment and any other conditions as ordered by the district court. If the offender is not accepted for treatment or if he or she fails to complete any of the district court's conditions, the court will enter a judgment of conviction for a violation of NRS 484.3792(1)(c), a category B felony, and the district court may reduce the amount of time in prison by a time equal to that which the offender spent in treatment. On the other hand, if the offender successfully completes treatment, the district court will enter a judgment of conviction for a violation of NRS 484.3792(1)(b), which is a misdemeanor.

[3]To the extent the State argued at oral argument that NRS 484.37941 is unconstitutional because it takes away the State's power to engage in plea bargaining and allows offenders entering guilty pleas to obtain a benefit not offered to offenders who plead not guilty and proceed to trial, we decline to address this issue here as it is not presented under the facts of this case.

came effective on July 1, 2007. 2007 Nev. Stat., ch. 288, § 6, at 1064.

On July 20, 2007, Stromberg returned to the district court, moved to change his plea to guilty, and applied for treatment. The State opposed Stromberg's application, arguing that NRS 484.37941 does not apply retroactively to offenses that occurred prior to July 1, 2007. Stromberg argued that the plain language of the statute allows defendants who enter a plea after July 1, 2007, the opportunity to apply for the treatment program. The district court ordered briefing on Stromberg's request and on the applicability of NRS 484.37941 and set the matter for hearing.

On August 15, 2007, the district court held a hearing regarding Stromberg's application for treatment. The district court determined that the statute's language did not clearly indicate legislative intent to apply the statute retroactively and therefore denied Stromberg's request. Stromberg's counsel indicated that his client had not yet entered a plea and requested the district court to stay the matter pending this court's review of the issue.[4] The district court granted a stay, and this original petition for a writ of mandamus followed.

## DISCUSSION

"This court may issue a writ of mandamus to compel the performance of an act which the law requires as a duty resulting from an office or where discretion has been manifestly abused or exercised arbitrarily or capriciously." *Redeker v. Dist. Ct.*, 122 Nev. 164, 167, 127 P.3d 520, 522 (2006); *see also* NRS 34.160. The writ will issue where the petitioner has no "plain, speedy and adequate remedy in the ordinary course of law." NRS 34.170; *Redeker*, 122 Nev. at 167, 127 P.3d at 522. The decision to entertain a mandamus petition lies within the discretion of this court, and "[t]his court considers whether judicial economy and sound judicial administration militate for or against issuing the writ." *Redeker*, 122 Nev. at 167, 127 P.3d at 522. "Additionally, this court may exercise its discretion to grant mandamus relief where an important issue of law requires clarification." *Id.* While we acknowledge that writ review is rarely appropriate when a petitioner has an adequate remedy at law through a direct appeal, we conclude that writ review is appropriate here because this case involves important questions of law which require clarification and

---

[4]The State contends that Stromberg pleaded guilty on July 20, 2007. However, the submissions before this court demonstrate that Stromberg has not yet pleaded guilty.

because public policy interests militate in favor of resolving these questions. *Cf. State of Nevada v. Justice Court*, 112 Nev. 803, 805 n.3, 919 P.2d 401, 402 n.3 (1996) (electing to entertain petition for writ of prohibition even though relief should have been sought first in district court "due to the exigent circumstances presented and because this case presented an unsettled issue of statewide importance"). Therefore, we exercise our discretion to consider the merits of the petition.

*Retroactivity and NRS 484.37941*

Stromberg argues persuasively that the plain language of NRS 484.37941 applies to offenders who enter guilty pleas on or after July 1, 2007, the statute's effective date. The State contends that Stromberg is not entitled to apply for treatment pursuant to NRS 484.37941 because his DUI occurred prior to the statute's effective date. At oral argument, the State contended that in order for an offender to apply for treatment pursuant to NRS 484.37941 he or she must have committed the crime after the statute's effective date and pleaded guilty after the statute's effective date. The State further asserted that this court's recent decision in *State v. District Court (Pullin)*, 124 Nev. 564, 188 P.3d 1079 (2008), mandates such a result. We disagree.

In *Pullin*, this court determined that ameliorative amendments to criminal statutes would not apply retroactively unless the Legislature indicated its intent otherwise. *Id.* at 571, 188 P.3d at 1083. This court further concluded that because the Legislature had failed to indicate its intent to apply ameliorative amendments to NRS 193.165 retroactively, Nevada law required the application of the penalty in effect at the time Pullin committed his crime. *Id.* at 567, 188 P.3d at 1081. In contrast, as we recently explained in *Picetti v. State*, the plain language of NRS 484.37941 indicates the Legislature's intent to apply that statute to all offenders pleading guilty on or after July 1, 2007. 124 Nev. 782, 793, 192 P.3d 704, 711 (2008) (citing 2007 Nev. Stat., ch. 288, § 6, at 1064). In particular, as this court observed in *Picetti*, NRS 484.37941 provides that "[a]n offender *who enters a plea of guilty or nolo contendere* to a violation of NRS 484.379 or NRS 484.379778 that is punishable pursuant to paragraph (c) of subsection 1 of NRS 484.3792 *may, at the time he enters his plea*, apply to the court to undergo a program of treatment." *Id.* at 794, 192 P.3d at 712. This statutory language, as we explained in *Picetti*, "provides that anyone entering a plea of guilty or nolo contendere after the statute's effective date is eligible to apply for treatment." *Id.* We reaffirm that

decision. Because Stromberg attempted to plead guilty after the statute's effective date, we conclude that the district court manifestly abused its discretion when it refused to consider his request to plead guilty and apply for treatment pursuant to NRS 484.37941. Accordingly, we grant Stromberg's petition and direct the district court to consider the merits of Stromberg's request to plead guilty and apply for treatment pursuant to NRS 484.37941.

*NRS 484.37941 and the separation-of-powers doctrine*

Because we conclude that if the district court grants Stromberg's request to plead guilty he may apply for treatment under NRS 484.37941, we find it necessary to address the State's assertion that NRS 484.37941 violates the separation-of-powers doctrine. In its answer to the petition, the State argues that NRS 484.37941 violates the separation-of-powers doctrine by giving the district court the power to determine how to charge a DUI offender, a decision that is exclusively within the province of the executive branch of government represented by the prosecutor. For the reasons set forth below, we disagree with the State's contention.

At the outset, we reject the State's contention that the United States Supreme Court's decision in *Bordenkircher v. Hayes*, 434 U.S. 357 (1978), supports its argument that NRS 484.37941 impermissibly allows the district court to assume the powers of the prosecution. The State's reliance on *Bordenkircher* is misplaced because that case addressed an entirely different legal question than the one raised here. In *Bordenkircher*, the Supreme Court addressed a defendant's claim that a state prosecutor violated due process when he carried out a threat, made during negotiations, to have the defendant reindicted on more serious charges that were supported by the evidence in the case. *Id.* at 358. The Supreme Court rejected the defendant's claim, determining instead that the prosecutor's actions did not violate due process because "[i]n our system, so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion." *Id.* at 364. Thus, while *Bordenkircher* certainly made clear that a prosecutor has broad discretion in charging a defendant, it did not offer any guidance on whether a provision similar to NRS 484.37941 invades that charging discretion.[5]

---

[5]The State also cites this court's decision in *Schoels v. State*, 114 Nev. 981, 966 P.2d 735 (1998), in support of its argument that NRS 484.37941 is unconstitutional and thus invalid. We have reviewed this case, and it is unclear how *Schoels* supports the State's argument regarding the constitutionality of NRS 484.37941.

Instead, we find the California Supreme Court's decisions in *Esteybar v. Municipal Court for Long Beach Judicial District*, 485 P.2d 1140 (Cal. 1971), and *People v. Superior Court of San Mateo County*, 520 P.2d 405 (Cal. 1974), to be instructive on the issue of whether NRS 484.37941 is unconstitutional because it violates the separation-of-powers doctrine. In those cases, the California Supreme Court considered the interplay between prosecutorial and judicial authority in circumstances similar to those created by NRS 484.37941. We find particularly compelling the California Supreme Court's analysis drawing a line between the prosecutor's decision in how to charge and prosecute a case and the court's authority to dispose of a case after its jurisdiction has been invoked.

In *Esteybar*, the California Supreme Court considered the question of whether a magistrate was permitted to convict an offender as a misdemeanant without first obtaining the permission of the prosecuting attorney. 485 P.2d at 1141. In that case, the State presented an argument similar to what the State argues here and contended that the magistrate's decision to convict the offender as a misdemeanant, without first obtaining the prosecutor's permission, constituted an invasion of the charging process because it interfered with prosecutorial discretion in deciding what crime to charge. *Id.* at 1145. The court rejected the State's argument, noting that it ignored the crucial fact that the magistrate's determination followed the district attorney's decision to prosecute. *Id.* The court stated that " '[w]hen the decision to prosecute has been made, the process which leads to acquittal or to sentencing is fundamentally judicial in nature.' " *Id.* (quoting *People v. Tenorio*, 473 P.2d 993, 996 (Cal. 1970)).

In *San Mateo County*, the California Supreme Court reviewed the State's challenge, through a petition for writ of mandamus, to a trial court's order of diversion in a drug case. 520 P.2d 405, 406-07 (Cal. 1974). In particular, the court addressed the question of whether it was constitutional for a district attorney to exercise veto power over the trial judge's decision to order a defendant charged with a narcotics offense to be diverted into a pretrial treatment program. *Id.* at 407. In that case, much like the case at bar, the State argued that the decision to divert is an extension of the charging process, which falls entirely within the prosecutor's discretion. *Id.* at 409. The court rejected the State's argument concluding instead that "when the jurisdiction of a court has been properly invoked by the filing of a criminal charge, the *disposition* of that charge becomes a judicial responsibility." *Id.* at 410. The court acknowledged that while trial courts usually dispose of cases by either sentencing or acquitting offenders, those are not the only options for the disposition of a case. *Id.* The court recognized that new and more sophisticated choices for disposition, such as pro-

bation, had been developed to deal with crime and concluded that the trial court's decision to allow an offender to enter a treatment program was a specialized form of probation and therefore a matter fully within the discretion of the judiciary. *Id.* Thus, the court held that a prosecutor did not possess the power to veto a decision that fell within the purview of the judiciary without violating the separation-of-powers doctrine. *Id.* at 409.

We are persuaded by the reasoning in *Esteybar* and *San Mateo County* for two reasons. First, similar to the scenarios discussed above, the district court's decision to grant or deny an offender's application for treatment pursuant to NRS 484.37941 follows the prosecutor's decision to charge an offender for a third-time DUI. After the charging decision has been made, any exercise of discretion permitted by NRS 484.37941 is simply a choice between the legislatively prescribed penalties set forth in the statute. Moreover, we conclude that the district court's decision to allow an offender to enter a program of treatment is analogous to the decision to sentence an offender to probation and therefore is a decision that properly falls within the discretion of the judiciary. *Cf.* NRS 176A.100 (giving the district court broad discretion to suspend a sentence and grant probation).

Second, we conclude that NRS 484.37941 does not limit the prosecutor's unfettered discretion to determine whether to charge an offender for a third-time DUI or for a lesser offense. This charging decision is important because even if an offender is convicted as a second-time DUI offender after successfully completing a treatment program under NRS 484.37941, the conviction is nonetheless treated as a third-time DUI for the purposes of enhancement in the event that the offender commits another DUI. *See* NRS 484.3792(2) (providing that person who has previously been convicted of DUI and sentenced under NRS 484.3792(1)(b) based on NRS 484.37941 and who commits another DUI is guilty of felony and subject to prison term of 2 to 15 years). Therefore, we conclude that NRS 484.37941 does not violate the separation-of-powers doctrine by giving the judiciary powers typically reserved to the executive branch.

## CONCLUSION

We reaffirm our decision in *Picetti* that the plain language of NRS 484.37941 permits third-time DUI offenders who entered guilty pleas on or after July 1, 2007, to apply for treatment pursuant to the statute. We further conclude that NRS 484.37941 does not violate the separation-of-powers doctrine. Therefore, we conclude that the district court erroneously failed to consider the merits of Stromberg's request to plead guilty and apply for treat-

ment. Accordingly, we grant the petition. The clerk of this court shall issue a writ of mandamus instructing the district court to consider Stromberg's request to plead guilty and apply for treatment pursuant to NRS 484.37941.

HARDESTY, C.J., PARRAGUIRRE, DOUGLAS, SAITTA, and GIBBONS, JJ., concur.