[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-13148
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 25, 2011
JOHN LEY
CLERK

D. C. Docket No. 08-61133-CV-JIC

CUNEYT DURU,
an individual,

Plaintiff-Appellant,

versus

HSBC CARD SERVICES, INC.,
a foreign corporation authorized
to do business in the State of
California, et al.,

Defendants,

HSBC BANK NEVADA, N.A.,
formerly known as
Household Bank (SB), N.A.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 25, 2011)

Before BLACK, CARNES and WILSON, Circuit Judges.

PER CURIAM:

Cuneyt Duru appeals the district court's grant of HSBC Card Services, Inc.'s motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim in her class action complaint against HSBC. Duru's complaint alleged among other theories that HSBC breached the implied covenant of good faith and fair dealing under Nevada law that arose from Duru's credit card customer agreement with HSBC.[1] She contends that her complaint sufficiently alleges that the credit card agreement is ambiguous and that HSBC used that ambiguity to deliberately contravene the intention and spirit of the contract and breach its implied covenant of good faith and fair dealing.

We review de novo the district court's grant of a Rule 12(b)(6) motion to dismiss. Edwards v. Prime, Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). "We take the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiffs." Id. But we are not required to accept the legal conclusions in the complaint as true. Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009). And "the factual allegations in a complaint must possess enough heft to set forth a plausible entitlement to relief." Fin. Sec.

---

[1] The choice-of-law provision in the credit card agreement states it is governed by Nevada law, the district court applied Nevada law, and no one contests its application in this Court.

2

Assurance, Inc. v. Stephens, Inc., 500 F.3d 1276, 1282 (11th Cir. 2007) (quotation marks omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557–58, 127 S.Ct. 1955, 1966–67 (2007)).

Under Nevada contract law, "[a] contract is ambiguous only when it is subject to more than one reasonable interpretation," State ex rel. Masto v. Second Judicial Dist. Court ex rel. County of Washoe, 199 P.3d 828, 832 (Nev. 2009), and courts are not free to modify or vary the terms of an unambiguous agreement, Kaldi v. Farmers Ins. Exch., 21 P.3d 16, 21 (Nev. 2001). But a party may still breach the implied covenant of good faith and fair dealing where "the terms of a contract are literally complied with but one party to the contract deliberately contravenes the intention and spirit of the contract." Hilton Hotels Corp. v. Butch Lewis Prods., Inc., 808 P.2d 919, 922–23 (Nev. 1991). To prove a contractual claim for a breach of the implied covenant of good faith and fair dealing, a plaintiff must show that the plaintiff and defendant were parties to a contract, the defendant breached its implied duty by performing in a manner unfaithful to the purpose of the contract, and the plaintiff's justified expectations were denied. See Perry v. Jordan, 900 P.2d 335, 338 (Nev. 1995).

Duru's complaint alleges that the provision in the credit card agreement defining "daily periodic rate" is ambiguous. The credit card agreement defines the

3

daily periodic rate as "the corresponding [annual percentage rate] divided by 365." She alleges that "365" is ambiguous because, in addition to being read as a number, it could also be reasonably read as the number of days in a year. She further alleges that HSBC used that ambiguity to unfaithfully calculate the daily periodic rate to its advantage during leap years, which contain 366 days, and overcharge its customers during those years.

Duru's allegations do not support a contractual claim of breach of the implied covenant of good faith and fair dealing under Nevada law. The credit card agreement is not ambiguous. The plain language of the credit card agreement sets the denominator for the daily periodic rate interest calculation at 365, not a variable based on the number of days in the year. The purpose of the credit card agreement was to extend credit to Duru in exchange for the payment of interest at rates agreed on by the parties. Both parties agreed that the daily periodic rate would be calculated by dividing the annual percentage rate by 365. HSBC's calculation of that agreed-to interest rate during leap years was not unfaithful to the purpose of the agreement and Duru makes no factual allegations that HSBC's performance denied her justified expectations.

**AFFIRMED.**

4