By the Court, STIGLICH, J.:
NRS 176A.290 (2014) authorizes district courts to assign certain eligible defendants to a veterans court program.[1] However, if the offense charged or the defendant's prior convictions involved the use or threatened use of force or violence, the district court is not allowed to assign the defendant to the veterans court program, "unless the prosecuting attorney stipulates to the assignment." NRS 176A.290(2).
The district court found that NRS 176A.290(2) was in effect a prosecutorial veto over a judge's sentencing decision, in violation of the Nevada Constitution's separation of powers doctrine. Nev. Const. art. 3, § (1)(1). The district court further held that the veto provision was severable. We agree on both points. Accordingly, we deny the State's petition.
*157 FACTUAL AND PROCEDURAL HISTORY
Matthew Glenn Hearn was charged with and pleaded guilty to battery by a prisoner, a category B felony, in violation of NRS 200.481(2)(f). A specialty courts officer deemed Hearn eligible for the veterans court program because he was a veteran who "appears to have a mental illness, substance abuse, or posttraumatic stress disorder which appears to be related to military service."
At sentencing, the State refused to stipulate to Hearn's assignment to veterans court pursuant to NRS 176A.290(2), which prompted Hearn to ask the court to find the statute unconstitutional. The district court obliged, finding that " NRS 176A.290(2) violates the separation of powers doctrine by conditioning the judicial department's discretion to place certain offenders into a treatment program on the prosecutor's (discretionary) stipulation." It further found that the statute was severable and struck the unconstitutional language from the statute. The State challenges that decision in the present writ petition.
DISCUSSION
Propriety of writ relief
The decision to consider a writ of mandamus lies within the sole discretion of this court. Smith v. Eighth Judicial Dist. Court, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991). As an extraordinary remedy, writ relief is generally available only when no "plain, speedy and adequate" legal remedy exists. Cote H. v. Eighth Judicial Dist. Court , 124 Nev. 36, 39, 175 P.3d 906, 908 (2008) (internal quotation marks omitted). This court has exercised its discretion to intervene to clarify "important legal issue[s] in need of clarification" or "in the interest of judicial economy and to provide guidance to Nevada's lower courts." State, Office of the Attorney General v. Justice Court (Escalante), 133 Nev. 78, 80, 392 P.3d 170, 172 (2017). And a writ of mandamus is the proper remedy "to control a manifest abuse or arbitrary or capricious exercise of discretion." State v. Eighth Judicial Dist Court (Armstrong), 127 Nev. 927, 931, 267 P.3d 777, 779 (2011).
Both parties agree that the constitutionality of NRS 176A.290(2) is an "important legal issue in need of clarification." Escalante, 133 Nev. at 80, 392 P.3d at 172. They also contend that Nevada's district courts are resolving this issue inconsistently, so our intervention is necessary "to provide guidance to Nevada's lower courts." Id. Finally, the State argues that it has no adequate remedy in law to challenge the district court's decision. We agree on all points and exercise our discretion to consider the State's petition for a writ of mandamus.[2]
Statutory background
NRS 176A.280 et seq. authorized the establishment of specialty courts for veterans and military members who have been charged with probation-eligible offenses. When certain criteria are met, a district court has discretion to assign eligible defendants to a specialty court program. NRS 176A.290.[3] The program benefits defendants like Hearn by suspending further criminal proceedings and placing them on probation. Id. Upon successful completion of the program, the charges are dismissed. NRS 176A.290(4).
Not all veterans or service members, however, are eligible for assignment to veterans court. NRS 176A.287(1). For example, a defendant who "[h]as previously been assigned to such a program" is not eligible for assignment. NRS 176A.287(1)(a). At issue in this case is NRS 176A.290(2), which provides that a district court may not assign a defendant to *158 such a program without the prosecutor's agreement when an offense charged or the defendant's prior convictions involved the use or threatened use of force or violence:
If the offense committed by the defendant involved the use or threatened use of force or violence or if the defendant was previously convicted in this State or in any other jurisdiction of a felony that involved the use or threatened use of force or violence, the court may not assign the defendant to the program unless the prosecuting attorney stipulates to the assignment.
(Emphasis added.) The district court believed that the emphasized language requiring the prosecutor's agreement amounted to an unconstitutional prosecutorial veto over the judiciary's sentencing decision. It struck that language, leaving the rest of the statute intact.
Constitutionality of the prosecutorial consent element
The first issue is whether NRS 176A.290(2) violates Nevada's separation of powers doctrine. "The constitutionality of a statute is a question of law, which this court reviews de novo." Aguilar-Raygoza v. State, 127 Nev. 349, 352, 255 P.3d 262, 264 (2011).
As with the United States Constitution, the structure of our state constitution gives rise to the separation of powers doctrine through its "discrete treatment of the three branches of government." Comm'n on Ethics v. Hardy, 125 Nev. 285, 292, 212 P.3d 1098, 1103 (2009). But "Nevada's Constitution goes one step further; it contains an express provision prohibiting any one branch of government from impinging on the functions of another." Id. at 292, 212 P.3d at 1103-04 ; see Nev. Const. art. 3, § 1 (1).
In Stromberg v. Second Judicial District Court , this court analyzed Nevada's separation of powers doctrine within the context of sentencing decisions. 125 Nev. 1, 2-3, 200 P.3d 509, 510 (2009). Stromberg concerned a statute that allowed a district court to treat a defendant's third DUI offense as if it were the defendant's second DUI offense "if the offender successfully completes a treatment program." Id. at 3, 200 P.3d at 510. The State contended that this statute violated the separation of powers doctrine by infringing upon the prosecutor's power to determine how to charge a DUI offender. Id. at 6, 200 P.3d at 512. This court rejected that argument by distinguishing "between the prosecutor's decision in how to charge and prosecute a case and the court's authority to dispose of a case after its jurisdiction has been invoked." Id. at 7, 200 P.3d at 512. That is, the prosecutor retained the power to charge an offender for a third DUI offense; the statute merely gave district courts the option to sentence such offenders to a treatment program. Id. at 8, 200 P.3d at 513. Such sentencing decisions, we concluded, "properly fall[ ] within the discretion of the judiciary." Id. Thus, Stromberg indicates that charging decisions are within the executive realm and sentencing decisions are inherently judicial functions.
We recognize that a district court's sentencing decision is necessarily limited by the Legislature's power to define the parameters of punishments, "within constitutional limits." Goudge v. State, 128 Nev. 548, 554, 287 P.3d 301, 304 (2012). And we reiterate that the Legislature can "completely remove any judicial discretion to determine a criminal penalty by creating mandatory sentencing schemes." Mendoza-Lobos v. State, 125 Nev. 634, 640, 218 P.3d 501, 505 (2009). However, we agree with other jurisdictions that a court's sentencing discretion, once granted, cannot be conditioned upon the prosecution's approval without running afoul of the separation of powers doctrine. See, e.g., State v. Prentiss, 163 Ariz. 81, 786 P.2d 932, 936 (1989) ("But once the legislature provides the court with the power to use sentencing discretion, the legislature cannot then limit the court's exercise of discretion by empowering the executive branch to review that discretion."); People v. Navarro, 7 Cal.3d 248, 102 Cal.Rptr. 137, 497 P.2d 481, 489 (1972) ("[A]lthough the Legislature was not required in the first instance to give the court power to commit persons in the status of [the defendant] to the treatment program, having conferred this power it cannot condition its exercise upon the approval of the district attorney."); State v. Olson , 325 N.W.2d 13, 18 (Minn. 1982) ("But once the legislature has prescribed the punishment for *159 a particular offense it cannot, within constitutional parameters, condition the imposition of the sentence by the court upon the prior approval of the prosecutor."). To be certain, statutory schemes vary from state to state. But the principle gleaned is that once a defendant's guilt has been determined, the prosecutor's charging discretion is complete and the judiciary's sentencing discretion, if any, is all that remains. See State v. Ramsey, 171 Ariz. 409, 831 P.2d 408, 412 (App. 1992) ("Once the prosecutor has pursued and obtained a guilty verdict, the executive role in the resolution of the criminal action is limited constitutionally.").[4]
Returning to the case at hand, a court's decision to assign a defendant to the veterans court program is a sentencing decision-it is a statutorily approved alternative to entering a judgment of conviction and imposing a term of incarceration. And as we indicated in Stromberg , sentencing decisions are "within the discretion of the judiciary." 125 Nev. at 8, 200 P.3d at 513.[5] In requiring that a prosecutor stipulate to the district court's decision, the effect of NRS 176A.290(2) is to afford an executive veto over a judicial function. We recognize that the statute operates in a seemingly atypical fashion, but any prosecutorial power over the district court's disposition at this stage of the proceedings is offensive to the separation of powers.[6] See Navarro, 102 Cal.Rptr. 137, 497 P.2d at 488-89 (finding a violation of the separation of powers doctrine where a statute required agreement by the prosecutor before the court could assign the defendant to a treatment program and reiterating "that the Legislature, of course, by general laws can control eligibility for probation, parole and the term of imprisonment, but it cannot abort the judicial process by subjecting a judge to the control of the district attorney" (internal quotation marks omitted) ); cf. People v. Andreotti, 91 Cal.App.4th 1263, 111 Cal.Rptr.2d 462, 468-69 (2001) (concluding a prosecutor's motion for deferral was akin to plea bargaining but acknowledging that "[o]nce the defendant pleads guilty and the prosecutor moves for deferral, the decision of how to dispose of the charges is in the hands of the judge, where it belongs" and that "[i]f the [prosecution] had some sort of veto over this decision by the trial court," then the statute would violate the separation of powers doctrine). Thus, we hold that the prosecutorial veto within NRS 176A.290 violates the Nevada Constitution's prohibition against one branch of government "exercis[ing] any functions, appertaining to either of the others." Nev. Const. art. 3, § 1 (1).
Severability
The next issue is how to remedy NRS 176A.290(2)'s unconstitutionality. We must determine whether the statute is severable, i.e., whether "it is possible to strike only the unconstitutional provision[ ]." Sierra Pac. Power Co. v. State, Dep't of Taxation , 130 Nev. 940, 945, 338 P.3d 1244, 1247 (2014) (internal quotation marks omitted), cert. denied , --- U.S. ----, 136 S.Ct. 792, 193 L.Ed.2d 709 (2016). To resolve that issue, we analyze "whether the remainder of the statute, standing alone, can be given legal effect, and whether preserving the remaining portion of the statute accords with legislative intent." Id. ; see also NRS 0.020(1).
The district court struck "unless the prosecuting attorney stipulates to the assignment" and found that the remainder of the statute accorded with the legislative intent behind NRS 176A.290(2) and its associated statutes. We agree. The Legislature enacted NRS 176A.280 et seq. to provide veterans and military members "with an alternative to *160 incarceration and [to] permit[ ] them to access proper treatment for mental health and substance abuse problems resulting from military service." 2009 Nev. Stat., ch. 44, at 100. The Legislature recognized that many veterans suffer from "combat-related injuries" that "can lead to encounters with the criminal justice system which would not have otherwise occurred," Id. Thus, to "enable the criminal justice system to address the unique challenges veterans and members of the military face as a result of their honorable service," the Legislature authorized "[t]he establishment of specialty treatment courts for veterans and members of the military who are nonviolent offenders." Id. (emphasis added). This language indicates that the primary intended beneficiaries of the veterans court are "nonviolent offenders." Id. The fact that the Legislature provided for the admittance of some violent offenders, pursuant to prosecutorial stipulation, indicates there was a secondary goal of allowing some violent offenders the benefit of the veterans court. However, the remaining language after severance accords with the Legislature's primary intent.
The district court believed that after striking the offending language it would have the discretion to send a violent offender to veterans court. It is here that we part ways with the district court. With the offending language stricken, the statute now states that, for defendants who have been charged with or have a prior felony conviction for a crime involving "the use or threatened use of force or violence, the court may not assign the defendant to the program." NRS 176A.290(2). Thus the legal effect of this severance is to render all offenders deemed violent by a court ineligible for the veterans court program.[7]
While we recognize that severing the language allowing a violent offender to be assigned to the program upon the prosecutor's agreement impedes the Legislature's secondary goal of allowing some violent offenders to be assigned to the veterans court, it is for the Legislature, not this court, to remedy this impediment. Our goal in severing is merely to determine whether the remainder of the statute can be given legal effect such that it comports with legislative intent. Having concluded that the remaining language in NRS 176A.290(2) conforms with the stated intent of establishing veterans courts for nonviolent offenders and providing guidance to the courts in determining whether the charged offense or the defendant's prior felony convictions make the defendant ineligible,[8] we conclude that severance of the prosecutorial-stipulation provision is proper. Therefore, the district court did not manifestly abuse or arbitrarily or capriciously exercise its discretion in arriving at the same conclusion, and a writ of mandamus will not issue. See Armstrong , 127 Nev. at 931-32, 267 P.3d at 780 ("An arbitrary or capricious exercise of discretion is one founded on prejudice or preference rather than on reason, or contrary to the evidence or established rules of law." (citation and internal quotation marks omitted) ).
CONCLUSION
Nevada's separation of powers doctrine is violated when a prosecutor is granted veto power over a district court's sentencing *161 decision. Because NRS 176A.290(2) does precisely that, the district court correctly deemed it unconstitutional. The district court also correctly determined that the following language within NRS 176A.290(2) is severable: "unless the prosecuting attorney stipulates to the assignment."[9] Accordingly, we deny the State's petition.
We concur:
Cherry, J.
Gibbons, J.
Hardesty, J.
Parraguirre, J.

NRS 176A.290 was amended in 2017. See 2017 Nev. Stat., ch. 484, § 5, at 3021. The district court relied upon the version that became effective on January 1, 2014. See 2013 Nev. Stat., ch. 384, §§ 1.5, 3, at 2093-94. We apply the 2014 version throughout this opinion, but we note that our analysis and holding apply equally to the current version of the statute, which was not substantively changed by the 2017 amendment.

The State alternatively requests a writ of prohibition. A writ of prohibition is inappropriate because the district court had jurisdiction to rule on the constitutionality of NRS 176A.290(2). See Goicoechea v. Fourth Judicial Dist. Court, 96 Nev. 287, 289, 607 P.2d 1140, 1141 (1980) (explaining that a writ of prohibition will not lie if the court "had jurisdiction to hear and determine the matter under consideration").

This statute was amended after Hearn was deemed eligible for the program but prior to his sentencing date. See 2017 Nev. Stat., ch. 484, § 4, at 3020. The minor changes to the statutory scheme do not affect his eligibility.

We note that in this matter, as in Stromberg, 125 Nev. at 2-3, 200 P.3d at 510, we are asked to consider the district court's sentencing discretion after a determination of guilt has been made.

Hearn was before the district court for disposition after his guilt had been established. See People v. Superior Court of San Mateo Cty., 11 Cal.3d 59, 113 Cal.Rptr. 21, 520 P.2d 405, 410 (1974) ("It is true that acquittal or sentencing is the typical choice open to the court, but in appropriate cases it is not the only termination. With the development of more sophisticated responses to the wide range of anti-social behavior traditionally subsumed under the heading of 'crime,' alternative means of disposition have been confided to the judiciary.").

Of particular note in this matter is that the prosecutor was granted unreviewable power for which the statute provided no guidance in exercising.

The concurrence seems to agree with the district court. However, NRS 0.025(1)(b) provides that " '[m]ay not' ... abridges or removes a right, privilege or power " (Emphasis added.) And while the use of the word "may" is generally permissive, see Nev. Pub. Emps. Ret. Bd. v. Smith, 129 Nev. 618, 627, 310 P.3d 560, 566 (2013), the use of the word "not" disallows discretion. Indeed, the structure of the statute at issue ("may not" followed by "unless") supports our interpretation that "may not" disallows discretion because the use of the word "unless" would be meaningless if "may not" was discretionary. See Hobbs v. State, 127 Nev. 234, 237, 251 P.3d 177, 179 (2011) (recognizing that this court "avoid[s] statutory interpretation that renders language meaningless or superfluous").

What constitutes a violent offense is still a determination left to the district court. The remainder of subsection 2 allows the court to decide whether the offense "involved the use or threatened use of force or violence" and provides guidance in making that decision by directing the court to "consider the facts and circumstances surrounding the offense." NRS 176A.290(2). In particular, the courts are required to consider "whether the defendant intended to place another person in reasonable apprehension of bodily harm." Id.

For the reason described in note 1, supra, this holding applies to both the 2014 and 2017 versions of the statute.