OPINION
By the Court,
Agosti, J.:
Robert V. Willmes petitioned the district court for a writ of mandamus after the Reno Municipal Court rejected a civil compromise between Willmes and his wife of a misdemeanor domestic battery charge. Willmes then filed a motion to disqualify the Reno City Attorney’s Office from prosecuting Willmes on the domestic battery charge, as well as from representing the municipal court in the mandamus proceedings. The district court denied both the motion and the petition for a writ of mandamus. On appeal, Willmes asserts that the district court erred in denying his petition. Willmes asserts that the municipal court acted arbitrarily and capriciously when it refused to approve the civil compromise. Willmes also claims it was error to deny his motion to disqualify the Reno City Attorney’s Office. Willmes asserts that the City Attorney’s Office had an impermissible conflict of interest. Willmes also asserts that denying the motion was error and a violation of the separation of powers doctrine under the Nevada Constitution.
We conclude that the municipal court acted arbitrarily when it failed to exercise its discretion in rejecting the civil compromise, and therefore, we reverse the district court’s order denying Willmes’s petition for a writ of mandamus. We instruct the district court to grant the petition and issue a writ to the municipal court so that a determination may be made as to whether a civil compromise is appropriate. Finally, we discern no error in the district court’s denial of Willmes’s motion to disqualify the Reno City Attorney’s Office.
On April 11, 2000, Jennifer Rose filed a citizen’s complaint in Reno Municipal Court, alleging that her husband, Robert V. Willmes, had committed domestic battery against her. After commencing an action for divorce, Rose and Willmes appeared in the Reno Municipal Court and presented their written stipulation to compromise the domestic battery charge in accordance with NRS 178.564 and NRS 178.566.[1] The stipulation, part of their recently *834 executed divorce settlement agreement, stated that Rose had received satisfaction for her injuries and that she wished to have the criminal charges against Willmes dismissed. The Reno City Attorney’s Office opposed the court’s acceptance of the compromise, and at the conclusion of the hearing, the municipal judge stated:
And Mr. Young, I pretty much understand your arguments and I appreciate the work that’s gone into this.
You’ve noted that there are no prior offenses. That it was a relatively minor event. That both parties have requested it. That there is statutory authority. That the victim is present.
But I think the argument is not — certainly not whether the Court can do this. Because I believe that I could do that. With the stroke of a pen I could make this case go away.
But the question is is [sic] should I do that? And I think this is different from other offenses which might be compromised by statute.
But I think it’s a matter of public policy, at least in this department, domestic battery and the associated cases— harassment and stalking and those cases — should not be compromised by statute.
Accordingly, the municipal court declined to consider the compromise and refused to dismiss the criminal complaint.
Willmes argues that the district court abused its discretion when it denied his petition for a writ of mandamus because the municipal court failed to properly apply NRS 178.564. According to Willmes, the municipal court ignored the plain language of the statute by effectively creating and applying an additional exception not recognized by the Legislature. The statute permits compromise of a misdemeanor charge unless the misdemeanor is committed by or upon an officer of justice in the execution of his *835 or her official duties, or unless the misdemeanor is committed riotously, or unless the misdemeanor is committed with the intent to commit a felony. No statutory bar exists to the compromise of a domestic battery charge.
“A writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust or station, or to control an arbitrary or capricious exercise of discretion.”[2] This court reviews a district court’s denial of a petition for a writ of mandamus under an abuse of discretion standard.[3]
We conclude that the district court erred in denying Willmes’s petition for a writ of mandamus because the municipal court failed to exercise its discretion when it addressed the proposed compromise between Willmes and Rose. The decision to grant or deny a civil compromise is within the sound discretion of the court; however, an individualized exercise of discretion is necessarily required. Each case must be considered upon its own merits. Unlike some other states,[4] our Legislature has chosen not to exclude misdemeanor domestic battery charges from civil compromise eligibility.[5] Accordingly, the municipal court must weigh the merits of compromising a domestic battery misdemeanor as it would any other eligible misdemeanor. Here, rather than weighing the specific merits of accepting the civil compromise of the domestic battery charge against Willmes, the municipal court declared its own self-imposed policy that no domestic battery misdemeanor should ever be compromised. The municipal judge was statutorily obligated to consider the proposed compromise and then exercise his discretion to act reasonably in accepting or rejecting the compromise. He declined to do so. A writ is proper here to compel the performance of an act that the law requires.
The Legislature did not create an exception for domestic battery misdemeanors, and the municipal court does not have the power to judicially legislate such an exception into existence. The City Attorney has defended the action of the municipal judge, yet, *836 we wonder if the City Attorney would similarly defend a municipal judge’s “policy” that all domestic battery misdemeanors should be compromised. This would be equally improper and arbitrary.
Accordingly, we reverse the district court’s order denying Willmes’s petition for a writ of mandamus, and we remand the case with instructions to the district court to grant the petition and issue a writ directing the municipal court to make a proper determination, in the exercise of sound discretion, as to whether a civil compromise is appropriate.[6]
Willmes also asserts that the district court should have disqualified the Reno City Attorney’s Office because, the Reno City Attorney’s Office is prosecuting him in municipal court for the domestic battery charge, while simultaneously representing the municipal court in the mandamus action asserted by Willmes. Willmes asserts that the dual role of the Reno City Attorney’s Office has resulted in a conflict of interest and violation of the separation of powers doctrine.[7]
A district court has broad discretion to determine whether disqualification of counsel is required, and accordingly, this court will not overturn a district court decision on disqualification absent an abuse of discretion.[8] In Brown v. District Court, we held that:
To prevail on a motion to disqualify opposing counsel, the moving party must first establish “at least a reasonable possibility that some specifically identifiable impropriety did in fact occur,’ ’ and then must also establish that ‘ ‘the likelihood of public suspicion or obloquy outweighs the social interests which will be served by a lawyer’s continued participation in a particular case.’ ’[9]
The district court did not abuse its discretion when it denied Willmes’s motion to disqualify the Reno City Attorney’s Office. While Willmes attempts to liken this case to Whitehead v. *837 Commission on Judicial Discipline,[10] the risk of impropriety that existed in Whitehead is not present in this case. Unlike in Whitehead, the Reno City Attorney’s Office is not advising the municipal court with regard to its role in adjudicating the underlying criminal action. Rather, the Reno City Attorney’s Office is acting as counsel for the respondents on the collateral mandamus action. Given the municipal court’s nominal role in the mandamus proceedings, there is no identifiable danger of impropriety. Nor is there a usurpation of a judicial function such as would provoke an argument that separation of powers has been violated. The district court properly denied Willmes’s motion to disqualify the Reno City Attorney’s Office.
We conclude that the municipal judge acted arbitrarily in rejecting the proposed compromise and failed to perform his official duties when he declined to weigh the merits of the proposed civil compromise and thereafter to exercise reasonable discretion in accepting or rejecting the compromise. Therefore, we reverse the district court’s order denying Willmes’s petition for a writ of mandamus, and we remand the case to the district court with instructions to grant the petition and issue a writ instructing the municipal court to determine whether a civil compromise is appropriate. Upon issuance of the writ to the municipal court, this case must be assigned to a different judge. Since there is no impermissible conflict of interest or separation of powers violation, the district court properly denied Willmes’s motion to disqualify the Reno City Attorney’s Office.
Young, C. J., and Rose, J., concur.

NRS 178.564 states:
When a defendant is held to answer on a charge of a misdemeanor, for which the person injured by the act constituting the offense has a remedy by a civil action, the offense may be compromised as provided in NRS 178.566, except when it was committed:
1. By or upon an officer of justice, while in the execution of the duties of his office.
*834 2. Riotously.
3. With intent to commit a felony.
NRS 178.566 states:
1. If the party injured appears before the court to which the depositions are required to be returned, at any time before trial, and acknowledges in writing that he has received satisfaction for the injury, the court may, in its discretion, on payment of the costs incurred, order all proceedings to be stayed upon the prosecution, and the defendant to be discharged therefrom; but in such case the reasons for the order must be set forth therein, and entered on the minutes.
2. The order shall be a bar to another prosecution for the same offense.

Burgess v. Storey County, 116 Nev. 121, 124, 992 P.2d 856, 858 (2000); NRS 34.160.

Burgess, 116 Nev. at 124, 992 P.2d at 858.

See Alaska Stat. § 12.45.120 (2002); Or. Rev. Stat. § 135.703(l)(d) (2001).

See NRS 178.564.

Since we have concluded that the district court should have granted Willmes’s petition for a writ of mandamus based upon the municipal court’s failure to exercise its discretion, it is unnecessary to reach Willmes’s equal protection argument.

See Nev. Const. art. 3, § 1 (providing for the division of the state government into three separate departments).

 Robbins v. Gillock, 109 Nev. 1015, 1018, 862 P.2d 1195, 1197 (1993).

 116 Nev. 1200, 1205, 14 P.3d 1266, 1270 (2000) (quoting Shelton v. Hess, 599 F. Supp. 905, 909 (S.D. Tex. 1984)).

 110 Nev. 874, 878 P.2d 913 (1994).