BENJAMIN A. LUND, an Individual, Petitioner, *v.* THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, in and for THE COUNTY OF CLARK; and THE HONORABLE VALORIE VEGA, District Judge, Respondents, and BRIAN M. WALSH, an Individual; BRAD A. MARK, an Individual; HAYLI ROCHELL, an Individual; NIKKI CHAVES, an Individual; and MELANIE GROSS, an Individual, Real Parties in Interest.

No. 57800

June 2, 2011

255 P.3d 280

*Glen J. Lerner & Associates* and *Corey M. Eschweiler* and *Joseph F. Schmitt*, Las Vegas, for Petitioner.

*Parker Scheer Lagomarsino* and *Andre M. Lagomarsino*, Las Vegas, for Real Party in Interest Brian M. Walsh.

*Perry & Westbrook* and *Alan W. Westbrook*, Las Vegas, for Real Parties in Interest Brad A. Mark, Hayli Rochell, Nikki Chaves, and Melanie Gross.

Before CHERRY, GIBBONS and PICKERING, JJ.

## OPINION

By the Court, GIBBONS, J.:

In this petition, we address the narrow issue of whether a defendant may, under NRCP 13(h), bring a counterclaim that adds new parties to an action. Under that rule, if there is at least one original party included in the counterclaim, a defendant may add new parties to the action through a counterclaim as long as the nonparty meets the joinder requirements under NRCP 19 or 20. We take this opportunity to address this discrete issue and, while the dispute presented in this original proceeding does not warrant this court's expedited or emergency review, we nonetheless grant in part the petition for a writ of mandamus and direct the district court to vacate its order dismissing the counterclaims and to re-

consider the decision in light of this opinion. Because petitioner has failed to fully develop his petition for extraordinary relief by necessarily addressing NRCP 19 or NRCP 20, however, we reject petitioner's request that we order the dismissed counterclaims reinstated.

## BACKGROUND

In September 2010, real party in interest Brian M. Walsh filed a complaint against, among others, petitioner Benjamin A. Lund. In his complaint, Walsh alleged that he was injured by Lund in a fight that broke out at a charity golf event in Las Vegas. Lund answered Walsh's complaint, disputing much of Walsh's version of the events, and added counterclaims of his own against Walsh and real parties in interest Brad Mark, Hayli Rochell, Nikki Chaves, and Melanie Gross as additional counterclaim defendants. Lund alleged counterclaims against Walsh and Mark related to injuries he allegedly suffered in the fight and against Walsh, Mark, Rochell, Chaves, and Gross related to defamation for allegedly being untruthful about what Lund had said on the golf course and making Lund wrongly appear as an instigator of the fight.

Mark, Rochell, and Gross subsequently moved the district court to dismiss the counterclaims filed against them, arguing that under the Nevada Rules of Civil Procedure, new parties cannot be added to a lawsuit through counterclaims.[1] Lund opposed the motion, arguing that NRCP 13(h) expressly permitted him to add new parties to his counterclaim. After a reply was filed and a hearing was held, the district court entered an order summarily dismissing the counterclaims against Mark, Rochell, and Gross. Lund then filed in this court an emergency petition for a writ of mandamus pursuant to NRAP 21(a)(6). Mark, Rochell, Chaves, and Gross were permitted to file an answer.[2]

## DISCUSSION

We begin our analysis by addressing the district court's refusal to permit the addition of new counterclaim defendants pursuant to NRCP 13(h). After concluding that the district court failed to apply the proper NRCP 13(h) analysis, we consider whether this failure warrants our intervention by way of extraordinary writ relief.

---

[1]While Chaves is participating as a party to the writ proceeding before this court, she did not file a joinder to the district court motion to dismiss.

[2]Walsh has informed this court that he does not intend to participate in this proceeding, and thus, he has not filed an answer.

*Adding new parties to an action through a counterclaim*

NRCP 13 governs the filing of permissive and compulsory counterclaims and cross-claims.[3] Under NRCP 13(h), "[p]ersons other than those made parties to the original action may be made parties to a counterclaim or cross-claim in accordance with the provisions of Rules 19 and 20." Courts typically construe Rule 13(h) liberally "in an effort to avoid multiplicity of litigation, minimize the circuity of actions, and foster judicial economy." 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane *Federal Practice and Procedure* § 1434 (2010) (footnotes omitted); *accord* NRCP 1 (providing that Nevada's rules of civil procedure "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action"). Federal courts that have interpreted NRCP 13(h)'s federal counterpart have concluded that a counterclaim or cross-claim brought under the rule must include at least one existing party, and thus, may not be brought solely against an unnamed party.[4] *See, e.g., AllTech Communications, LLC v. Brothers*, 601 F. Supp. 2d 1255, 1260 (N.D. Okla. 2008) (applying FRCP 13(h)); *Microsoft Corp. v. Ion Technologies Corp.*, 484 F. Supp. 2d 955, 965 (D. Minn. 2007) (same); *Raytheon Aircraft Cred. Corp. v. Pal Air Intern.*, 923 F. Supp. 1408, 1414 (D. Kan. 1996) (same); *see also Johansen v. U.S.*, 392 F. Supp. 2d 56, 59-60 (D. Mass. 2005) (permitting an FRCP 13(h) counterclaim against a nonparty because the same counterclaim was already asserted against a party); *Foster v. Dingwall*, 126 Nev. 49, 54, 228 P.3d 453, 456 (2010) (explaining that federal caselaw involving the Federal Rules of Civil Procedure provides persuasive authority for this court in reviewing the Nevada Rules of Civil Procedure). In addition, NRCP 13(h) expressly permits the joinder of additional nonparties so long as the nonparty can be joined in "accordance with the provisions of Rules 19 and 20."

NRCP 19 and 20 set forth the procedure for mandatory and permissive joinder of parties, respectively. *See Dutchess Bus. Servs. v. State, Bd. of Pharm.*, 124 Nev. 701, 710, 191 P.3d 1159, 1165 (2008). NRCP 19 requires joinder of all parties necessary for an action's just adjudication. NRCP 19(a)(1)-(2). NRCP 20(a) au-

---

[3]A counterclaim refers to a claim by a defendant against an opposing party, while a cross-claim is a claim against a co-party. *Depner Architects v. Nev. Nat'l Bank*, 104 Nev. 560, 563, 763 P.2d 1141, 1143 (1988).

[4]Federal Rule of Civil Procedure 13(h), amended on April 30, 2007, to be effective December 1, 2007, reads: "Rules 19 and 20 govern the addition of a person as a party to a counterclaim or crossclaim."

thorizes permissive joinder of a defendant against whom a right to relief is asserted "in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or of fact common to all these persons will arise in the action."

In the present matter, Walsh, the original plaintiff, was named as a counterdefendant in each of Lund's counterclaims. Thus, as long as Mark, Rochell, Chaves, and Gross can be joined under either NRCP 19 or 20 as additional counterclaim defendants, they may face Lund's counterclaims brought under NRCP 13(h). *AllTech Communications*, 601 F. Supp. 2d at 1260; *Microsoft Corp.*, 484 F. Supp. 2d at 965; *Raytheon Aircraft*, 923 F. Supp. at 1414. While the next analytical step should be to address Lund's counterclaims within the context of NRCP 19 and 20, because the parties failed to provide any briefing on this point, we decline to reach this issue. *See Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006) (noting that this court need not consider an issue not cogently argued or supported by salient authority).

Our review of the documents before this court reveals that the district court was under the impression that Lund should have filed a third-party complaint, under NRCP 14, instead of filing counterclaims pursuant to NRCP 13(h). This conclusion was incorrect. *Moseley v. Dist. Ct.*, 124 Nev. 654, 662-68, 188 P.3d 1136, 1142-46 (2008) (explaining that this court reviews the district court's interpretation of the Nevada Rules of Civil Procedure de novo, even when that interpretation is challenged through a petition for extraordinary relief). The third-party practice rule, NRCP 14, is reserved for claims based on an indemnity theory.[5] NRCP 14; *Reid v. Royal Insurance Co.*, 80 Nev. 137, 140, 390 P.2d 45, 46-47 (1964). In other words, under NRCP 14, "[a] defendant is permitted to defend the case and at the same time assert his [or her] right of indemnity against the party ultimately responsible for the damage." *Reid*, 80 Nev. at 140-41, 390 P.2d at 47.

A review of Lund's counterclaims makes clear that he is seeking recovery for his independent injuries, which he claims were wrongfully caused by Walsh as a counterdefendant and Mark, Rochell, Chaves, and Gross as additional counterclaim defendants. He is not seeking indemnity for Walsh's claims against him. Thus, NRCP 13, rather than NRCP 14, is applicable to this case and the

---

[5]NRCP 14 states, in most relevant part, that the rule is available to a defending party, acting as a third-party plaintiff, against "a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff."

appropriate means for relief was the assertion of counterclaims, not a third-party complaint. Consequently, the district court erred when it concluded that it lacked the authority to allow Lund to add parties as additional counterclaim defendants under NRCP 13(h).

### Propriety of writ relief

A writ of mandamus is generally not available to control the exercise of judicial discretion. *Round Hill Gen. Imp. Dist. v. Newman*, 97 Nev. 601, 603-04, 637 P.2d 534, 536 (1981) (explaining that writ relief may be available to correct manifest abuses of discretion). But mandamus may lie to compel a court to exercise discretion that it unquestionably has, when it fails to do so. *See Willmes v. Reno Mun. Ct.*, 118 Nev. 831, 835, 59 P.3d 1197, 1200 (2002) (concluding that mandamus relief was warranted to correct a municipal court's complete failure to exercise discretion that it clearly possessed). Indeed, when, as here, legal error leads the district court to decline to exercise discretion that it indisputably has regarding prospective additional parties, mandamus may lie, in the discretion of this court, to avert further avoidable error. *See Ex Parte Simons*, 247 U.S. 231, 239 (1918) (concluding that extraordinary relief was warranted to correct a legal error that, under the circumstances, the aggrieved party should not have had to wait until the final judgment was entered to correct); *In re Connaway Rec'r of Moscow Nat. Bank*, 178 U.S. 421, 425 (1900) (concluding that mandamus relief was proper in the prospective additional party context to address whether the lower court acquired jurisdiction over a deceased codefendant); *Babb v. Superior Court of Sonoma County*, 479 P.2d 379, 385 (Cal. 1971) (granting writ relief in reviewing whether a cross-complaint could be filed and stating that ''[a]lthough it is well established that mandamus cannot be issued to control a court's discretion, in unusual circumstances the writ will lie where, under the facts, that discretion can be exercised in only one way''); *In Re Kuntz*, 124 S.W.3d 179, 181 (Tex. 2003) (noting that writ relief may lie when trial court fails to analyze or apply law correctly in entering an order that conflicts with the Texas Rules of Civil Procedure).

Applying these principles to this case, we conclude that the district court manifestly abused its discretion in concluding that it lacked the authority to allow Lund to add parties as additional counterclaim defendants under NRCP 13(h). *Round Hill*, 97 Nev. at 603-04, 637 P.2d at 536 (explaining that writ relief may be available to correct manifest abuses of discretion); *Willmes*, 118 Nev. 831, 59 P.3d 1197 (noting that the failure to exercise available discretion can constitute a manifest abuse of discretion). The application to join these parties could and should have been considered by the district court under NRCP 13(h); the failure to entertain the

application potentially affects the future course of this proceeding. *Ex parte Simons*, 247 U.S. at 239; *Connaway*, 178 U.S. at 425; *Babb*, 479 P.2d 379. The confusion as to the scope and application of NRCP 13(h) is of statewide significance, *State of Nevada v. Dist. Ct. (Ducharm)*, 118 Nev. 609, 614, 55 P.3d 420, 423 (2002) (explaining that writ relief may be warranted when an important issue of law needs clarification), and thus, we entertain and grant the writ petition to the limited extent of directing the district court to vacate its order dismissing the counterclaims and to reconsider its order in light of this opinion. ·

Our conclusion does not mean that we necessarily direct the district court to reinstate the counterclaims. The decision whether to permit the amendment to add the additional counterclaim defendants under NRCP 19 and 20 is entrusted to the discretion of the district court. *Cummings v. Charter Hospital*, 111 Nev. 639, 645, 896 P.2d 1137, 1140 (1995) (stating that the district court possesses "broad discretion" to permit or deny the joinder of parties). As noted above, the parties have failed to provide briefing on the NRCP 19 or 20 analysis presented by this case, and we have no reason to believe on this record that the district court will not properly exercise its discretion under these rules. *See Round Hill*, 97 Nev. at 603-04, 637 P.2d at 536 (explaining that writ relief is available to control a *manifest* abuse of discretion). Accordingly, with regard to the overall disposition, as Lund has failed to demonstrate a manifest abuse of discretion concerning the necessary NRCP 19 and 20 analysis, we deny writ relief to the extent that Lund asks this court to reinstate the counterclaims.[6] *Pan v. Dist. Ct.*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004) (explaining that, in a petition for a writ of mandamus, the petitioner bears the burden of demonstrating that extraordinary relief is warranted).

## CONCLUSION

Under NRCP 13(h), new parties may be added to an action through a counterclaim if there is at least one original party in-

---

[6]This petition was presented to this court as an "emergency," warranting this court's expedited treatment under NRAP 21(a)(6). Because Lund could have simply filed a separate complaint and thereafter move to consolidate the two cases, *see* EDCR 2.50 (addressing motions to consolidate two or more cases), there was no immediate harm warranting emergency treatment. Such abuses of NRAP 21(a)(6)'s emergency consideration procedures unnecessarily waste this court's limited resources and may, in the future, warrant the imposition of sanctions. We decline, however, real parties in interest's request to impose NRCP 11 sanctions against Lund.

Finally, as the underlying incident allegedly occurred on June 11, 2010, there are no pressing concerns presented by NRS 11.190(4)'s two-year statute of limitations for Lund's counterclaims related to the alleged fight or defamation should the district court rule against Lund in its NRCP 19 or 20 analysis and require Lund to file a new, separate action.

cluded in the counterclaim and the nonparties meet the joinder requirements under NRCP 19 or 20. The district court manifestly abused its discretion by failing to apply the proper NRCP 13(h) analysis, and we therefore grant the writ petition in part and direct the clerk of this court to issue a writ of mandamus directing the district court to vacate its dismissal order and reconsider the NRCP 13(h) analysis. As Lund has failed to provide sufficient analysis on the next necessary analytical step regarding NRCP 19 or 20, however, we deny the petition to the extent that Lund seeks reinstatement of his counterclaims, without prejudice to Lund's ability to seek relief on this point from the district court.

CHERRY and PICKERING, JJ., concur.