An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

MISTI M.,
Petitioner,
vs.
THE SIXTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
LANDER; THE HONORABLE
RICHARD WAGNER, DISTRICT
JUDGE; AND THE HONORABLE JIM
C. SHIRLEY, DISTRICT JUDGE,
Respondents,
    and
STATE OF NEVADA DEPARTMENT
OF FAMILY SERVICES; AND DEBI
NARDI,
Real Parties in Interest.

No. 67176

FILED

SEP 2 8 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

*ORDER DENYING PETITION*

This is an original petition for a writ of mandamus or prohibition challenging a district court order entered in an abuse and neglect proceeding under NRS Chapter 432B.

In the present case, the district court placed petitioner Misti M.'s minor child, T.M., in the temporary custody of real party in interest State of Nevada Department of Family Services (DFS). Misti then filed a motion which, in relevant part, sought the modification or revocation of DFS's temporary custody and the return of T.M. to her physical custody. After a hearing, the district court denied Misti's motion and appointed Misti's mother as T.M.'s permanent guardian. Misti then filed the present writ petition challenging the denial of her motion and the appointment of a permanent guardian. While the petition was being briefed, the district

SUPREME COURT
OF
NEVADA

(O) 1947A

15-29309

court vacated the appointment of a permanent guardian pursuant to the parties' stipulation.[1]

A writ of mandamus is available to correct a manifest abuse of discretion or "an arbitrary or capricious exercise of discretion." *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008); *see also Lund v. Eighth Judicial Dist. Court*, 127 Nev. 358, 363, 255 P.3d 280, 284 (2011). A writ of prohibition is available to prevent a district court from acting beyond its jurisdiction. *Sonia F. v. Eighth Judicial Dist. Court*, 125 Nev. 495, 498, 215 P.3d 705, 707 (2009).

"An arbitrary or capricious exercise of discretion is one founded on prejudice or preference rather than on reason, or contrary to the evidence or established rules of law." *State v. Eighth Judicial Dist. Court (Zogheib)*, 130 Nev., Adv. Op. 18, 321 P.3d 882, 884 (2014) (internal quotations omitted). "A manifest abuse of discretion is 'a clearly erroneous interpretation of the law or a clearly erroneous application of a law or rule.'" *State v. Eighth Judicial Dist. Court (Armstrong)*, 127 Nev., Adv. Op. 84, 267 P.3d 777, 780 (2011) (quoting *Steward v. McDonald*, 958 S.W.2d 297, 300 (Ark. 1997)).

"In Nevada, the juvenile court has exclusive jurisdiction in proceedings concerning a child who is or may be a child in need of protection." *In re Parental Rights as to A.G.*, 129 Nev., Adv. Op. 13, 295 P.3d 589, 593 (2013); *see* NRS 432B.410(1). When a motion to modify or revoke an order granting temporary custody of a child is made, "[t]he

---

[1]Therefore, we will not address Misti's assignments of error relating to the appointment of a permanent guardian because these issues are now moot. *See Stephens Media, LLC v. Eighth Judicial Dist. Court*, 125 Nev. 849, 858, 221 P.3d 1240, 1246-47 (2009).

[district] court shall hold a hearing on the motion and may dismiss the motion or revoke or modify any order as it determines is in the best interest of the child." NRS 432B.570(2).

Since the present district court was sitting as a juvenile court and was presiding over proceedings relating to the protection of a child, it had jurisdiction to resolve Misti's motion. *See* NRS 432B.410(1); *In re Parental Rights as to A.G.*, 129 Nev., Adv. Op. 13, 295 P.3d at 593. Because the district court acted within its discretion, we find that a writ of prohibition is unwarranted at this time. *See Sonia F.*, 125 Nev. at 498, 215 P.3d at 707.

Before the hearing and the entry of the order denying Misti's motion, the district court received multiple reports from DFS and T.M.'s guardian ad litem about T.M.'s welfare and Misti's fitness to be T.M.'s guardian. The DFS report immediately preceding the order denying Misti's motion concluded that continuing the temporary custody would serve T.M.'s best interests, and it presented facts to establish this conclusion. Because the evidence supports its order, the district court did not abuse its discretion.

Furthermore, Misti identifies nothing in the record to suggest that the district court's order was (1) based on prejudice or preference, (2) made in disregard of the law, or (3) based on a clearly erroneous interpretation of the law. *See State v. Eighth Judicial Dist. Court (Zogheib)*, 130 Nev., Adv. Op. 18, 321 P.3d at 884; *State v. Eighth Judicial Dist. Court (Armstrong)*, 127 Nev., Adv. Op. 84, 267 P.3d at 780. As a result, she fails to demonstrate that the district court manifestly abused its discretion or acted in an arbitrary or capricious manner when denying her motion. *See State v. Eighth Judicial Dist. Court (Zogheib)*, 130 Nev.,

Adv. Op. 18, 321 P.3d at 884; *State v. Eighth Judicial Dist. Court (Armstrong)*, 127 Nev., Adv. Op. 84, 267 P.3d at 780. Thus, a writ of mandamus is unwarranted at this time.[2] *See Lund*, 127 Nev. at 363, 255 P.3d at 284; *Int'l Game Tech.*, 124 Nev. at 197, 179 P.3d at 558. Therefore, we

ORDER the petition DENIED.

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc:  Hon. Richard Wagner, District Judge
Hon. Jim C. Shirley, District Judge
Miller Law, Inc.
Attorney General/Carson City
Debi Nardi
Attorney General/Reno
Lander County District Attorney
Lander County Clerk

---

[2]We have considered the parties remaining arguments and conclude that they are without merit.