# IN THE SUPREME COURT OF THE STATE OF NEVADA

FILMON ASFEHA,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 72194

FILED

MAR 3 0 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF AFFIRMANCE

Appeal from a judgment of conviction, pursuant to a jury verdict, of two counts of assault with a deadly weapon. Eighth Judicial District Court, Clark County; Richard Scotti, Judge.

Asfeha was charged with five counts of assault with a deadly weapon and one count of carrying a concealed firearm relating to an incident occurring on October 22 and 23, 2015. At trial, Asfeha sought an instruction for drawing a deadly weapon in a threatening manner, arguing that it is a lesser-included offense of assault with a deadly weapon. The district court declined to issue an instruction to that effect, reasoning that drawing a weapon in a threatening manner included the additional requirement that there be two or more persons present. After a five-day trial, the jury found Asfeha guilty of two counts of assault with a deadly weapon and carrying a concealed weapon.

## DISCUSSION

Asfeha argues that the district court erred by failing to instruct the jury that drawing a weapon in a threating manner is a lesser-included offense of assault with a deadly weapon, as there are two or more persons present in the commission of both offenses: the perpetrator and the victim. We disagree.

18-12254

We "normally review the decision to refuse a jury instruction for an abuse of that discretion or judicial error," but review legal issues de novo, including whether the proposed instruction constitutes a correct statement of the law. *Cortinas v. State*, 124 Nev. 1013, 1019, 195 P.3d 315, 319 (2008). "When a statute is facially clear, this court will give effect to the statute's plain meaning and not go beyond the plain language . . . ." *Sonia F. v. Eighth Judicial Dist. Court*, 125 Nev. 495, 499, 215 P.3d 705, 707 (2009).

A lesser-included offense "is included in a greater offense when all of the elements of the lesser offense are included in the elements of the greater offense." *Rosas v. State*, 122 Nev. 1258, 1263, 147 P.3d 1101, 1105 (2006) (internal quotations omitted). A "defendant is entitled to [a lesser-included offense] instruction," and failure to provide such an instruction constitutes reversible error. *Id.* at 1264, 1269, 147 P.3d at 1106, 1109. Conversely, a related offense "requires proof of a fact that the other does not." *Estes v. State*, 122 Nev. 1123, 1143, 146 P.3d 1114, 1127 (2006). A related-offense instruction is not required. *Peck v. State*, 116 Nev. 840, 845, 7 P.3d 470, 473 (2000), *overruled on other grounds by Rosas v. State*, 122 Nev. 1258, 147 P.3d 1101 (2006). We recently provided further guidance on lesser-included instructions in *Alotaibi v. State*, 133 Nev., Adv. Op. 81, 404 P.3d 761 (2017). There, we held that (1) when an element goes only to punishment, it is not an essential element of the crime, and cannot serve as a distinguishing element for the purposes of lesser-included offense analysis, and (2) when a statute provides alternative means by which an offense can be committed, only one of the means must be included in the charged offense for it to be a lesser-included offense. *Id.*, 404 P.3d at 765, 766.

NRS 200.471(1)(a) defines assault as either "(1) [u]nlawfully attempting to use physical force against *another person*, or "(2) [i]ntentionally placing *another person* in reasonable apprehension of immediate bodily harm." (Emphasis added). The offense of assault is punishable a category B felony if it is committed with the use of a deadly weapon or the present ability to use a deadly weapon. NRS 200.471(2)(b). NRS 202.320 defines drawing a deadly weapon in a threatening manner as:

> a person having, carrying or procuring from another person any . . . pistol, gun or other deadly weapon, who, *in the presence of two or more persons*, draws or exhibits any of such deadly weapons in a rude, angry or threatening manner not in necessary self-defense, *or* who in any manner unlawfully uses that weapon in any fight or quarrel[.]

(Emphasis added).

Here, Asfeha's claim that drawing a deadly weapon in a threatening manner is a lesser-included offense of assault with a deadly weapon lacks merit. NRS 202.320 contains two alternative means for committing the offense, and both alternative means include distinguishing elements from assault. First, NRS 202.320 plainly states that a person "who, in the presence of two or more persons, draws" a weapon is guilty of drawing a weapon in a threatening manner. This clearly contemplates that the perpetrator (i.e., the one "who . . . draws") is in the company of at least two other people. Conversely, assault merely requires one other person present because it entails "placing *another person* in reasonable apprehension of immediate bodily harm" or "attempting to use physical force" on "*another person*." NRS 200.471(1)(a)(1), (2) (emphasis added). The plain language of NRS 202.320 shows that drawing a deadly weapon in a threatening manner requires the proof of a fact that the assault with a deadly weapon does not: one additional person present.

 

Second, NRS 202.320 states that a person "who in any manner unlawfully uses that weapon in any fight or quarrel" is guilty of drawing a weapon in a threatening manner. This alternative requires a "fight or quarrel" which is not an element of assault. *See* NRS 202.320; NRS 200.471(1)(a)(1), (2). Further, assault requires the attempted act be "against another person," as opposed to NRS 202.320's requirement that the weapon merely be used unlawfully. *See id.*

Because drawing a deadly weapon in a threatening manner is not a lesser-included offense to assault with a deadly weapon, the district court did not err by failing to give the instruction requested by appellant. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Cherry

_____, J.
Parraguirre

_____, J.
Stiglich

cc:  Hon. Richard Scotti, District Judge
     Sanft Law, P.C.
     Attorney General/Carson City
     Clark County District Attorney
     Eighth District Court Clerk